## MAYO ET ALS. v. STONEUM, EX'R. &C.

1. The official acts of a Judge *de facto*, whose title to the office has not been adjudged insufficient, are valid and irreversible.

2. The correct practice under the statute, which authorizes writs issued upon a joint cause of action, to be executed in different counties, in which the parties against whom they issue, respectively reside, is, to make the writ sent to another county for service, a counterpart of that which is to be executed in the county where it is returnable, indorsing thereon the identity of the cause of action.

3. It has been often adjudged, that it is not permissible to go behind the declaration, and reverse a judgment for errors in the initiatory process.

Writ of error to the Circuit Court of Conecuh.

THIS action was brought to recover the amount of two promissory notes, subscribed by all the defendants below.

One writ issued against Mayo and Smith "To any Sheriff" &c. Another issued against Fleming in the same form. Both writs were returned executed, but by sheriffs, bearing different names. On the margin of the record, opposite the latter, are written the words "Branch writ." The declaration is against all the defendants; and a judgment by default is rendered accordingly.

It is assigned for error. 1. That the individual who presided at the term of the Court, when the judgment was rendered, though elected by the two Houses of the General Assembly, the Judge of the tenth Circuit of this State, was constitutionally ineligible at the time of the election, &c. 2. That although two several writs were issued against the plaintiffs in error, a judgment is rendered against them jointly.

CAMPBELL, for the plaintiffs in error.
No counsel appeared for the defendant.

COLLIER, C. J.—1. In respect to the first assignment, it is entirely unimportant whether it be well taken in point of fact; for it is now too well settled, that the acts of a Judge *de facto*, whose title to the office has not been adjudged insufficient, are valid and irreversible, to allow of serious controversy.

2. Supposing that the two writs, which were issued, were executed in different counties, in which the parties against whom they issued, respectively resided, and we think it clear, that the proceeding was irregular under the act, which authorizes the issuance of writs in such cases. The statute directs "that where any joint cause of action shall exist, it shall be lawful for the plaintiff in such suit or action, to sue out two or more writs, directed to the sheriffs or other proper officers, of the different counties, where such defendants or parties, jointly chargeable, may be found; which process such sheriffs, or other officers, shall execute accordingly, and return to the Court from which the same issued, as in other cases ; and such writs so issued and returned, shall be filed together, and shall have the same force and effect, and the same proceedings and recovery may be thereupon had,, as if one single writ had issued against all the defendants jointly ; but it shall be the duty of the clerk or attorney issuing such process, to indorse thereon that both or all of the writs are for the same cause of action; or otherwise the same shall abate on the plea of the defendant." (Aik. Dig. S. 53, p. 267.

The correct practice under the statute, is, to make the writ sent to another county for service, a counterpart of that which is to be executed in the county where it is returnable; indorsing thereon the identity of the cause of action. Whether it would be objectionable to send a writ to another county, against the party only, there intended to be served with it, indorsing it as ancilliary process, in the terms of the statute, we need not determine. The absence of the indorsement, that the two writs are for the same cause of action, is made the ground of a plea in abatement, and cannot for the first time be here noticed on error.

In the case at bar, no objection was taken in the Circuit Court to the writs, which seem to have been duly executed—the declaration is against all the defendants, and seeks the recovery of the evidences of debt indorsed on the writs ; and we cannot now, without disregarding repeated decisions of this Court, go behind the declaration, to look for errors in the initiatory process.

The judgment is consequently affirmed.