## DOUGLASS, ET AL. v. TERRELL, TREASURER.

1. Where a motion is made by a county treasurer, under the statute, against a clerk for not rendering an account, the treasurer is a competent witness to prove the account was not rendered, as the motion is a county prosecution in which the officer has no interest.

2. In a motion by a county treasurer against a clerk of the circuit court for not returning on oath an account, &c. it is no defence that the plaintiff is not treasurer *de jure* if he is so *de facto*.

Writ of Error to the Circuit Court of Marion.

THIS is a proceeding by motion on behalf of Terrell, as treasurer of the county of Marion, against Douglass, as clerk of the circuit court, and others as his sureties, for his failure in that capacity, to return on oath, in writing, an account of monies received by him as clerk, to the county treasurer.

The defendants appeared to the motion, and pleaded—1. That said Terrell was not county treasurer. 2. Not guilty.

At the trial, the plaintiff offered evidence tending to show that Douglass had been elected and qualified as the clerk of the circuit court of Marion county, and proposed to prove by his own oath, that no return had been made by Douglass, of monies collected, &c. The defendants excepted to the allowance of this mode of proof, but the court overruled the exception.

The plaintiff then proved his appointment as county treasurer, in the year, 1843, and that he continued to act as such

down to the time of the motion. On cross-examination of plaintiff's witnesses it appeared, and the facts were so admitted, that in the spring of '44, the plaintiff was appointed to fill the vacancy in the office of clerk of the circuit court of Marion county, occasioned by the death of the then incumbent, and that he occupied the same, and discharged its duties until the election of another individual, at the election in August, 1844, and that during the whole time he performed the duties of both offices. It also appeared, that since that time he had not been reappointed to the office of county treasurer. The defendants offered no evidence to show that any return in writing had been made by Douglass, and there was proof that he had paid county claims to Terrell as treasurer.

On this state of proof the defendants requested the court to charge the jury, that the plaintiff was duly appointed clerk of the circuit court of Marion county, and that he accepted that office, and entered upon the discharge of its duties, then that the acceptance of that office vacated his office of county treasurer. This was refused, and the jury charged, that if the plaintiff had not been removed from the office of treasurer, while acting as clerk of the circuit court, but still continued to act as treasurer, no other treasurer having been appointed, then the fact of his holding and exercising both offices, was not a legal cause for the omission of Douglass to make report as required by law, of monies collected by him.

The defendants excepted to the refusal to charge as asked for, and to the charge as given. These several rulings of the court are assigned as error.

D. Goggin, for the plaintiffs in error, cited on the point that the plaintiff is an interested witness, 2 Starkie, 744 to 746. As to the main question, he insisted the acceptance of the clerkship vacated the office of treasurer. [Dig. 579, § 72.]

No counsel appeared for the defendant in error.

GOLDTHWAITE, J.—1. Although a suit of this description is usually conducted in the name of the person who

Douglass, et al. v. Terrell.

holds the office of county treasurer, yet it is really a prosecution at the suit of the county, and when a judgment is given it is for the use of the county, and the individual making the motion, has no pecuniary interest whatever in the prosecution. The statute imposes the duty as one that is official, and it admits of question if costs should be allowed, even if the motion fails. Without deciding more than the precise point involved, we think it clear the individual was properly allowed to testify that no return had been made to him as the treasurer. [Dig. 146, § 22.]

2. If the treasurer was suing for fees due to himself, as an officer, it might admit of question whether the defendant could not properly question his right to exercise the office, but when his acts in the office affect the rights of third persons, or of the county, we apprehend his title cannot be collaterally called in question. The statutes impose the duty on the clerks of the circuit and county courts, to make returns on oath to the county treasurer, and it is a matter of no importance to them who fills the office, so that it is actually filled, or colorably used. It is possibly true, the acceptance of a temporary appointment to fill a vacancy in the office of clerk of the circuit court rendered it incompatible for the same person to discharge the duties of county treasurer. [Dig. 579, § 22.] But until a successor was appointed in that office, or its vacancy established by some judicial proceeding, it cannot be asserted that the exercise of its functions by the plaintiff, was without colorable pretence. Being in the exercise of the office under color of title, it is the uniform current of decision, that his acts would be a protection to third persons, and that his title cannot be collaterally impeached. In Viner's Abridgement—title, Officer, G, 4— it is said the acts and grants of an officer *de facto* are good. In McGregor v. Balch, 14 Verm. 428, the attempt was to show a justice of the peace had no jurisdiction because at the same time he exercised the office of post maste. The court considered the offices as incompatible, but decided the question could not be raised in a collateral issue. To the same effect is Mayo v. Stoneum, 2 Ala. Rep. 390 ; Morrow v. Brady, 7 Ib. 59; McInstry v. Fanner, 9 John. 135; People v.

74

Collins, 7 Ib. 549 ; Fowler v. Beebee, 9 Mass. 231 ; Backnam v. Ruggles, 15 Ib. 180.

If the acts of an officer *de facto* are good to protect third persons, the same principle will prevent a stranger from discharging himself from a duty by showing the office illegally or improperly filled, when his duty is to be performed.

We are satisfied the circurt court properly expounded the rule in this case.

Judgment affirmed.