## WHITLOCK v. STEWART.

1. H having received from S, property in pledge for his indemnity, lent his note to S for the purpose of raising money upon it. S lost the note at gaming, and the winner lost it in the same way. The third holder took it to H, who being ignorant of the facts, executed to him a new note, in *lieu of*

the old one payable to him. After this, S notified H of the facts, and for-bade the payment of the note. Held, that a payment by H, after notice, created no charge upon the property placed in his hands for his indemnity.

Error to the Circuit Court of Cherokee. Before the Hon. G. W. Lane.

PLAINTIFF in error declared in trespass for malicious arrest and false imprisonment. Plea, not guilty. It appears, by bill of exceptions, that on the trial, the plaintiff having proved the arrest, the defendant proved that plaintiff applied to one Heard to borrow money. Heard not having the money, made his note, and loaned it to plaintiff to negotiate and raise the desired sum. Upon receiving the note, the plaintiff having some live stock (a mare and colt) in Heard's possession, agreed with Heard that he should retain it for his indemnity for the re-payment of the note. Plaintiff shortly afterwards lost the note by gaming, and which was shortly afterwards lost by the winner in the same way; the third holder, who had won it, took it to Heard, who, before notice of the manner in which plaintiff had parted with it, took it up, and executed a new note to the holder. Before payment of the last named note, plaintiff notified Heard of these facts, and forbade his paying the note. That the plaintiff took the stock into his possession in the night time, removed it to a different part of Benton county, some twenty-five miles distant from Heard's. Afterwards, Heard reclaimed the property, and when on his way home, defendant showed that plaintiff followed him several miles to a public gathering, at which place Heard sued out a warrant against him for horse stealing, (no warrant being shown, or its absence accounted for,) and a day was set for the preliminary trial before the justice. Plaintiff failed to appear at the trial, and was not seen in the neighborhood of Heard for some two or three weeks thereafter. Shortly after his return, he threatened to take the stock from Heard's possession, or die in the attempt. Heard, hearing of this threat, proceeded to the place where plaintiff resided, and imprisoned him. The plaintiff moved

the court, after defendant had closed his proof, to exclude
from the jury the proof offered by defendant of the taking of
the stock; also, of the warrant and the arrest under it, and
of plaintiff's failure to attend the trial. The court refused,
and plaintiff excepted. The circuit judge was asked, at the
instance of the plaintiff, to charge the jury, that if they be-
lieved the note made by Heard to the plaintiff had been lost
by plaintiff at gaming, and won by the holder of the new
note, from the person who won it from plaintiff, knowing
that plaintiff had so lost it, and that plaintiff had notified
Heard thereof, and forbade his paying the new note, before
he had paid any part thereof, then, the new note could not
be enforced against Heard, and that he had no right to detain
the plaintiff's stock, and plaintiff had the right to take it.
The court refused this charge, and charged the jury, that
Heard was bound for the payment of the new note, and had
a right to subject said stock to its payment, if, while Heard
had possession of it, plaintiff had given him a verbal lien on
it for the payment of the original note. The court also
charged, that if the jury believed the plaintiff had stolen the
stock from Heard, and was arrested for it, and afterwards re-
fused, or failed to attend the trial before the justice, he was
a *felon at large*, and the defendant had a right to arrest him
without warrant. Also, that if plaintiff intended to commit
a felony, the defendant had no right to arrest him without
warrant, but if the arrest was made to prevent its commis-
sion, this should go in mitigation, not in justification of the
arrest.

S. F. Rice, for the plaintiff in error.
L. E. Parsons, contra.

CHILTON, J.—We think the charge given by the court
as respects the liability of Heard on the note, manifestly er-
roneous.

The contract by which the plaintiff parted with the note,
as well as the contract by which the holder acquired it, be-
ing void by the statute, (Clay's Dig. 257, § 1; Ib. 434, § 17,)
Heard, who had received notice of these facts, was under no
obligation to pay the new note, and, if after notice, he had

made voluntary payments upon the note, such payments would have created no charge upon the property pledged for his indemnity. If the defendant in error (Heard) was under no obligation to extinguish the original note, the note subsequently given is wholly without consideration, and cannot be recovered. Yet, having been induced by the laches of plaintiff to give the note, he should be bound to indemnify him against the expense of defending against it. So, while we regard the charge given as erroneous, we think the charge asked was also liable to objection, as it assumes that the plaintiff is not entitled to *any* indemnity.

As to the other charges given by the court, if the bill of exceptions contains all the proof, they were clearly erroneous, as in that event they would be abstract; but we are not allowed to say that there might not be a conceivable state of case which would justify them, and as there may have been proof not set out in the record, which does not purport to contain the whole proofs, it is unnecessary to give an opinion upon them as abstract propositions of law.

For the error we have noticed in the charge given, the judgment is reversed, and the cause remanded.