## WHITLOCK v. STEWART, et als.

1. H. lent his note for $200 to S, receiving from the latter, horses, in pledge for his indemnity. S. afterwards lost the note at gaming, and notified H. of the fact—Held, that although H. was not bound to surrender the horses, whilst the note, without his fault, was outstanding, yet if after notice of the loss of the note, H. undertook to determine between him, and the holder of the note, and decided in favor of the latter, without being compelled to do so by suit, he acts at his peril, and must sustain the loss.

Error to the Circuit Court of Cherokee.    Before the Hon. Sidney C. Posey.

This was an action of trespass for a malicious arrest, and false imprisonment, instituted by plaintiff against defendants in error.    The arrest and imprisonment having been proven by plaintiff, the defendants introduced evidence to shew, that plaintiff had procured from one Heard, the loan of his, Heard's note, for two hundred dollars, and had placed in his possession several horses as an indemnity against its payment: that subsequently plaintiff had clandestinely taken the horses out of Heard's possession, and that Heard had reclaimed them : that at the time of the arrest, the defendants, one of whom was Heard's agent, had received information of plaintiff's intention to re-take said horses by force : that the two hundred dollars note was presented to Heard by one Stypes, after its delivery to plaintiff, and that Heard gave him a note, which he had since paid.    The plaintiff then proved that he had lost the $200 note, at a game of faro, and that the next day after he had so lost it, it was won from the faro dealer by Martin and Stypes, and that Martin had relinquished his interest in it to Stypes for a debt due by Martin to him. Heard was notified by plaintiff the day after the loss of the note, that he had lost it at gaming, and cautioned not to pay it, but the evidence was conflicting as to whether the notice was given before or after the new note was executed to Stypes, but it was given before the payment of this substituted note.

Vol. 15—76

An objection was raised in the course of the trial, as to the admissibility of a portion of the defendant's testimony, but it is not involved in the points decided.

The plaintiff asked the court to charge the jury, 1st. That if they believed from the testimony, that the plaintiff lost the note at gaming, and it was in the hands of one who was not a *bona fide* holder without notice, and that plaintiff notified Heard that the note had been lost at gaming, and not to pay it; then Heard was not entitled to indemnity for costs, before he was bound to litigate it.

2. That if they believed, that plaintiff lost the note at gaming, and it was in the hands of one, who was not a *bona fide* holder without notice, and plaintiff notified Heard, that said note had been lost by him at gaming, and not to pay it, then Heard was not authorized to pay said note, because he had not been indemnified for costs of its litigation, unless such indemnity had been demanded and not given.

The court refused to give either of these charges, and charged the jury at the instance of the defendants, that if they believed plaintiff loaned his note for $200, which plaintiff lost at gaming; and for the re-payment of the note, plaintiff gave him a lien upon his horses; and Heard, before notice of the manner of plaintiff's loosing it, took up the note, and gave a new one, payable to the transferee, then Heard was not bound to lirigate the right of the transferee, to recover, unless some indemnity for costs were tendered him.

To the refusal to give the charges asked, and to the charge given, the plaintiff excepted, and now assigns them as error.

Woodward and Rice, for plaintiff in error.

The charge that Heard was not bound to litigate without indemnity, if true, wonld make a contract valid, which is of a class which this court has pronounced utterly void, and contradict the general principle of the law, that a contract which is void can not be purged of its taint. Barker v. Callaghan, 5 Ala. Rep. 708 : and Whitlock v. Stewart et al. 13 ib. 790.

It is unnecessary to adduce any authority to show that the declarations of Castleberry were incompetent—he being within the reach of *subpoena*.

L. E. PARSONS and J. B. MARTIN, for defendants. .

I. Where hearsay constitutes a part of the *res gesta*, showing the motive by which a party is prompted to action, it forms an exception to the general rule, and is admissible.   1 Phil. on Ev, 231; 1 Geenl. Ev. 112, 113.

. 2. See the case when last in this court, reported in 13th Ala. Rep. 790, by the name of Whitlock v. Stewart, et al.

CHILTON, J.—When this case was here at previous term of this court, (13 Ala. Rep. 790,) we held, that if Heard, after being notified that Whitlock had lost the note by gaming, and after having been requested not to pay it, had notwithstanding, proceeded to make payments, such payments did not constitute any charge upon the property pledged for his indemnity.   And upon the hypothesis that the substituted note, or a portion of it remained unpaid, we said, that Whitlock should be bound to indemnify Heard against the expenses of defending against it, before he could terminate the bailment and take the property which had been pledged for Heard's protection.   Also, that a charge which denied to Heard, any indemnity against the substituted note, if given before notice of the manner in which Whitlock lost the original, was properly refused.

It is very clear, that Heard, having a lien on the property in his possession to indemnify him against the two hundred dollar note, was not bound to surrender it until the note was delivered up to him, or if notified of its loss by gaming, until he was indemnified against the cost and expenses of a suit upon it.   The argument, that the note being void in the hands of the winner, could create no liability on the part of Heard to pay it, and consequently that the lien was discharged, would be conclusive, if one could not be harrased and put to expense in defending against a void note.   If the note is found in the hands of a third party asserting title to it, without any fault on the part of Heard, he was not bound to let go his hold on the property pledged for his protection, until he was otherwise indemnified.   On the other hand, if, with a knowledge that Whitlock had lost the note by gaming, and being cautioned not to pay it, Heard had substituted a new note in its stead, and cancelled the original note, his

lien on the property by virtue of the original pledge is gone. So also, if he received notice of the manner of the loss after executing the new note, but before its payment, the same result would follow.

Although Heard was not bound to surrender the property while the note, without his fault, was outstanding against him, as he would thus have been left without any indemnity, as was previously decided in this case, yet it by no means follows that he was authorized to pay the note voluntarily though no indemnity was tendered him. On the contrary, we esteem it a clear proposition of law, that if, after notice of Whitlock's claim, and the manner of his loss of the note, Heard undertook voluntarily to determine between him and the holder of the note, and decided in favor of the latter, he did so at his peril, and if he has paid the note without being compelled to do so by suit, he and not Whitlock must sustain the loss. (See Butler & wife v. The Life Insurance & Trust Co. et al, at the last term.)

The ruling of the circuit court is opposed to this view, and required of Whitlock indemnity as a prerequisite to Heard's withholding payment of the note; whereas he was only bound to indemnify, if the note was outstanding without Heard's fault, as a condition required by law to relieve his property from the previous pledge, so as to enable him lawfully to take it from Heard's possession. It follows from what we have said that the charges asked should have been given, and that the court erred in refusing them, and in the charge given in lieu of them.

It is unnecessary to examine the question as to the admisibility of Castleberry's declaration to Ware, as the point will hardly arise upon a subsequent trial. See however, 1 Greenl. Ev. 113, Chandler v. McPherson 11 Ala. Rep. 583.; Goodgame v. Clifton, 13 Ala. 183.

Let the judgment be reversed and the cause remanded.