JOHN B. HUFF, PLAINTIFF IN ERROR, V. WILLIAM M. BABBOTT, DEFENDANT IN ERROR.

**Trial before Justice.** In an action by attachment before a justice of the peace the trial was commenced on the 28th of Sept., 1881, at one o'clock P.M., a jury being waived. Upon the conclusion of the trial the justice took the case under advisement until the following morning at 8:30 o'clock. *Held,* That the judgment was rendered "immediately" within the meaning of the statute.

ERROR to the district court for Otoe county. Tried below before POUND, J.

*Watson & Wodehouse,* for plaintiff in error.

*C. W. Seymour,* for defendant in error.

MAXWELL, J.

This action was commenced before a justice of the peace by attachment. The trial commenced on the 28th day of September, 1881, at one o'clock P.M., a jury being waived. The case was tried before the justice. It does not appear at what time the trial was concluded, but it is stated in the transcript that "after the argument and before the case was decided the defendant asked to withdraw his said counter-claim, permission granted, and defendant withdrew his counterclaim. The court took the case under advisement to the 29th day of September, 1881, at 8:30 o'clock sharp."

At the time to which the adjournment was had judgment was rendered in favor of the plaintiff in the justice court (plaintiff in error) for the sum of $64.83 and costs. The case was taken on error to the district court by Babbott, where the judgment was reversed.

The only objection in this court is that the court erred in reversing the judgment of the justice.

Sec. 1002 of the code provides that: "Upon a verdict, the justice must immediately render judgment accordingly. When the trial is by justice, judgment must be entered immediately after the close of the trial, if the defendant has been arrested, or his property attached; in other cases it must be entered either at the close of the trial, or if the justice then desire further time to consider, on or by the fourth day thereafter, both days inclusive."

Webster defines "immediately" as follows: "In an immediate manner, without intervention of anything; proxi-

mately; directly." " Without interval of time; without delay; instantly."

The statute, if construed literally, would require the justice to render a judgment instantly on the conclusion of the trial. It will not be contended that the legislature intended such a narrow construction to be given to the statute. It is to be construed in a reasonable manner—that the justice is to render judgment in a short time and before taking up new business.

The object of the statute doubtless is to enable a party who has been unlawfully restrained of his liberty to be discharged at the earliest practicable moment, in case no cause of action is proved against him. So if his property is taken from him on an order of attachment and the proof fails to show a cause of action the property shall be discharged. But the justice may require time to consider the evidence before rendering a judgment, and it may be necessary for him to do so before he is prepared to decide. If a decision is rendered before the justice has time to consider the evidence there is great danger of his committing an error which more mature reflection would have enabled him to avoid. We therefore are not disposed to place so narrow a construction on the word " immediately " as to hold that a delay of a few hours in rendering judgment is not in compliance with the statute. Had the evidence been introduced on the 28th and the case continued until the next morning for the purpose of hearing the argument of the parties or their attorneys in the case, no one would contend that a decision must be made before the conclusion of the argument, yet the argument is merely for the purpose of aiding the court in reaching a correct conclusion.

It is well to require justices to perform their duties in the mode and within the time required by the statute; but their proceedings must be construed in a reasonable manner, and in such a way as will enable them to administer justice. It is pretty clear that a correct decision was made

by the justice in this case, and this court will not reverse it for an alleged error which at most is but technical. The judgment of the district court is reversed and that of the justice reinstated.

JUDGMENT ACCORDINGLY.