# Drennen & Company *v.* Jasper Investment Company.

## *Trover.*

(Decided Dec. 19, 1907.   45 So. Rep. 157.)

1. *Process; Endorsements.*—In an action begun by one party against two other parties, one of whom lives in the county where the action was brought and the other in a different county, a service of a summons on the .party living in a different county is sufficient when such summons is endorsed "Branch, S. & C.", followed by the name of the state, county, court, and the name of the parties, plaintiff and defendant, as it shows the identity of the cause of action.—(Section 3271, Code 1896.)

2. *Same; Defects and Objection; Mode of Making Objection.*—A party served with a branch summons and complaint which is variant from the original summons and complaint must take advantage of such variance by plea in abatement; motion to strike is not the proper method.

3. *Fraudulent Conveyances; Conveyances Between Corporations; Sufficiency of Transfer.*—The same person was president of 'two corporations, one of which was indebted to the other in a simple contract debt. Such president consented with himself as president of both corporations that certain property belonging to the debtor corporation should become the property of the creditor corporatin as a payment of the debt. Held, such transfer was insufficient as against creditors of the debtor corporation, in the absence of a showing that the governing bodies of either or both of said corporations acquiesced in or ratified such transfer.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

Action by the Jasper Investment Company against one Drennen and others. From a judgment in favor of plaintiff, certain defendants appeal. Reversed and remanded.

See 38 South. 1034.

STALLINGS, NESMITH & DRENNEN, and D. A. McGREGOR, for appellant. The court erred in overruling the motion to set aside and annul the summons in this case.— Sec. 3271, Code 1896; *Mayo, et al. v. Stoneman,* 2 Ala.

390; *Johnson v. King*, 20 Ala. 270; *Boardman v. Parrish*, 56 Ala. 54. The plea need not have been verified.—*Day v. Hackober*, 60 Ala. 425; *Mohr v. Chaffee*, 75 Ala. 388. The defect should have been pointed out by demurrer.—*Black v. The State*, 123 Ala. 79. There is no authority in the president of a corporation to sell the property of a corporation.—2 Cook on Stock & Stockholders, secs. 712, 717; *Ala. Nat. Bank v. O'Neal*, 128 Ala. 192. There was no ratification of the acts of the president.—*Bibb v. Hall*, 101 Ala. 79. On this authority the court erred in giving the affirmative charges requested by the appellee.

RAY & LEITH, for appellee. The president had authority under the facts in this case to sell the property.—*Sparks v. Despatch Transfer Co.*, 104 Mo. 531. This is an application of the principal of agency where the principal is held responsible for the acts of his agent within his apparent authority.—10 Cyc. 912 and note 72; 24 Am. St. Rep. 134. Even if the contract was ultra vires where the corporation had the benefit of the same, slight evidence will establish a ratification.—19 Am. St. Rep. 124. No vote of the directors is necessary to ratify an authorized act of its agents.—75 Mo. 178; 28 Am. St. Rep. 405. The acts of ratification were sufficient.—10 Cyc. 1074; 84 Ala. 519; 10 Ala. 755; 65 Ala. 113. The acts of the president in selling the mules redounded to the benefit of the corporation.—3 Ala. 329; 111 Mass. 315.

HARALSON, J.—The suit was by the Jasper Investment Company, appellee, in the law and equity court of Walker county, against Drennen & Co., the appellants, and W. D. Leatherwood, for the conversion of two mules. Leatherwood lived in Walker, and Drennen & Co. lived in Jefferson county.

Drennen & Co. had obtainned a judgment, in the circuit court of Walker county, against the Jasper Coal Company, for the sum of $1,500, besides costs, and execution had issued thereon against said company. It was levied on two mules and a lot of land, as the property of said company. The lands were sold under execution, but the two mules were not sold. J. H. Hayes was the president of said company and also of the plaintiff company. After the execution had been levied on the mules, Hayes objected to their sale, and claimed them as the property of the plaintiff, and there was an agreement that they might be sold at a private sale, provided an adequate price could be obtained for them, and that the amount so obtained for them, was to be credited on the execution in the hands of the sheriff. Hayes testified, and there is no evidence to the contrary, that the mules belonged to the plaintiff, at the time they were levied on; that Drennen & Co. got possession of them in the fall of 1899, without the consent of the plaintiff or of any of its authorized agents, and that they were worth, at the time, $300.

The evidence further shows, without conflict, that the mules were never sold privately or publicly, but that Drennen & Co., when they were demanded of them, stated that they had given credit on the execution for $120, with $5 addd for expenses of getting the mules.

The summons and complaint was filed in the law and equity court of Walker county on the 23d of September, 1902, and on October 1st, of that year, it was executed by the sheriff of Walker county, by serving a copy on the defendant, W. D. Leatherwood.

A copy of the summons and complaint came to the hands of the sheriff of Jefferson county, and was executed by him on the defendants, Drennen & Co., on the 27th of September, 1902. This copy thus executed on

[Drennen & Company v. Jasper Investment Company.]

Drennen & Co. does not appear to have borne an endorsement, that it was "branch of the original, and for one and the same cause of action," as provided by section 3272 of the Code of 1896.

. The defendant's Drennen & Co., moved the court to set aside and annul the service had upon them, upon the grounds, that they were citizens of Jefferson county and "no branch summons and complaint was issued and served on them as required by law."

: The cause was set for trial on the 5th of January, 1903, when the above motion came on to be heard, and the court "quashed the service and ordered a branch summons to be issued to Drennen & Co.," as provided by statute; and on the same day, the clerk issued another summons and complaint to the defendants, Drennen & Co., a copy of which is set out in the transcript. This branch summons and complaint, bore the indorsement by the clerk of the law and equity court, "Branch S. & C. The State of Alabama, Walker County. Walker County Law and Equity Court, Jasper Investment Company, Plaintiff, v. Drennen & Company. Summons and Complaint, filed 23d day of September, 1902." It was received by the sheriff of Jefferson county on January 6, 1903, and executed the same day on the defendants, Drennen & Co., as individuals and as a partnership.

. The defendants, Drennen & Co., renewed their motion to set aside and annul said servivce on the same grounds as originally filed, which motion the court overruled, to which ruling defendants excepted.

. The branch summons and complaint sent from Walker to Jefferson county, shows the identity of the cause of action against Leatherwood and the Drennens, and this was substantially all that the statute requires. In *Mayo v. Stoneum*, 2 Ala. 390, in construing this statute,

where the branch writ was indorsed, "Branch Writ," the court said: "The correct practice under the statute, is, to make the writ sent to another county for service, a counterpart of that which is to be executed in the county where it is returnable; indorsing thereon the identity of the cause of action." In *Boardman v. Parrish,* 56 Ala. 55, it was again said: "We do not doubt the correct practice, under the present, as it was settled under the former statute, is to make each summons a counterpart of the other.—*Mayo v. Stoneum,* 2 Ala. 390. A variance between them is available, however, only by plea in abatement, filed at the return term of the process, as required by the rules of practice; not by a motion to strike from the files, made at a subsequent term, when the cause is called for trial." The writ sent to Jefferson county was a counterpart of the one issued to be served in Walker county. There was no error in overruling the motion to strike.

It is made indisputably to appear by the testimony, that the mules in question originally belonged to the Jasper Coal Company, a corporation; that Hayes was president of that company and also president of the plaintiff company, which was also a corporation. The plaintiff's title to the mules was derived, if at all, from the Jasper Coal Company, and the manner of the acquisition of asserted title was by Hayes, as president of the Jasper Coal Company, consenting with himself, as president of the plaintiff company, that the latter company should become the owner of the mules in payment of a simple contract debt claimed by the plaintiff company against the Jasper Coal Company. In other words, Hayes, as president of the debtor company, transferred the mules to the creditor company, without having the authority to do so from the board of directors of either company. The title to the mules could not be transferr-

[Russell v. C. N. Robinson & Co.]

ed in this way, in the absence of all evidence tending in the remotest degree to show an acquiesce or ratificaiton of the governing bodies of either or both corporations.

The affirmative charge for the defendants should have been given.

Reversed and remanded.

TYSON, C. J., and SIMPSON and ANDERSON, JJ., concur.