# Hunnicutt *v.* Head.

*Ejectment.*

(Decided December 17, 1912. 60 South. 831.)

1. *Ejectment; Complaint.*—Where the complaint in ejectment described a boundary which would not close by the use of the word west for east in one line of the boundary, and to substitute the word east for west in the last line to close the boundary would define an area not described in the instrument under which plaintiff claims title, the defendant should have been given the affirmative charge.

2. *Same; Documentary Evidence.*—Where it appeared that the lot in controversy belonged individually to a stockholder of a corporation in which defendant was interested at the time of the execution of a written agreement, which agreement was made for the purpose of a division of the corporate property, but which made no mention of the lot in question, such an agreement was inadmissible in evidence in an action of ejectment for such lot, although there was a previously existing oral agreement between the owner of the lot and corporation that the lot should be used for corporate purposes, said oral agreement not being in any way referred to in the written agreement.

3. *Same; Defenses; Evidence.*—A defendant sued individually in ejectment could not justify his possession by any rights vested in the corporation of which he was a stockholder; hence an agreement showing such right in the corporation was not admissible.

4. *Landlord and Tenant; Lease; Tenant at Will.*—A verbal agreement between a corporation and a stockholder that the corporation should have the use of certain lands for the operation of a saw mill business, and should erect certain structures thereon which, upon the termination of the lease should belong to the owner of the land as a consideration for its use, created a tenancy at will.

5. *Same; Tenancy at Will; Right to Terminate.*—The right of possession under a tenancy at will is determinable. on notice at the election of either party.

6. *Same; Right to Assign.*—A lease creating a tenancy at will, such as the above agreement shown in this case, gives a right of possession which is not assignable.

APPEAL from Bibb Circuit Court.

Heard before Hon. B. M. MILLER.

Ejectment by M. M. Head against J. W. Hunnicutt. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

See, also, 172 Ala. 48, 55 South. 161.

The description in the complaint is as follows: "One lot upon which the former residence of W. A. Neal and other buildings and appurtenances are situated, near Vick postoffice, more particularly described as follows: Begin at the southeast corner of Sandy Church lot, on the north side of Randolph and Centreville public roads; thence north along said church lot land fifty-five yards; thence 'west' 133 yards; thence south 55 yards; thence 'west' 133 yards to point of beginning— said lot containing in all one and one-third acres, and being in the southwest quarter of the southeast quarter, section 28, township 23, range 10 east, in Bibb county, Alabama." The description in the deed is the same as in the complaint, except, where the word "west" first occurs therein, the deed reads "east." The deed also contained certain interlineations not necessary to be here set out.

The written agreement referred to is the same as appeared in the former report of this case found in 172 Ala. 48, 55 South. 161. The substance of the verbal agreement referred to was that Neal agreed with the Hunnicutt Lumber Company, before any of the houses were built, that the Lumber Company should have "possession and use of the land involved in this suit for building and using the improvements thereon until Hunnicutt and myself divided our interest in the cor-

poration, and I was to have the improvement for the use of the land, and then, with my permission, the corporation went into possession of the land sued for, and built a commissary, barn, one two-room tenant house, and one four-room tenant house thereon. The corporation was to get the benefit of the lot, and I was to get the improvement for the use of the lot when our business was wound up."

J. T. FULLER and W. F. HOGUE, for appellant. The complaint does not disclose a substantial cause af action and will not support a judgment although no objection was raised in the court below.—*Ritter v. Hoy,* 55 South. 1034. A complaint which does not contain a substantial cause of action is not protected by section 4143, Code 1907.—*L. & N. R. R. Co. v. Williams,* 113 Ala. 402; *Douglass v. Beasley,* 40 Ala. 142; *Browder v. Gaston,* 40 Ala. 672. The verdict and judgment itself is fatally defective as under its description the sheriff will not be able to locate the land and put the party in possession.—*Bradford v. Seed,* 56 South. 542; *Jenkins v. Nowell,* 3 Stew. 60; *McCullough v. E. T. V. & G. Ry. Co.,* 106 Ga. 275. Counsel discuss other assignments of error and insist that they demand a reversal. The parol agreement relative to the lot is clearly admissible.—*Hamner v. Smith,* 22 Ala. 433; *Sanders v. Sanders,* 20 Ala. 710. The lease contract did not fall within the terms of the statute of frauds.—Sub. div. 5, section 4289, Code 1907; *Price v. Bell,* 91 Ala. 615; *Martin v. Blanchet,* 77 Ala. 288; *Eubanks v. Maine Hardware Co.,* 105 Ala. 629.

DANIEL COLLIER, for appellee. The complaint is not void for uncertainty and indefiniteness of description. —12 Ala. 470; 43 Ala. 700; 139 Ala. 414. On these

same authorities the judgment was not void for uncertainty. Most of the errors assigned have been settled contrary to the contention of appellant by the former appeal in this case.—*Head v. Hunnicutt,* 172 Ala. 48. There was no conflict in the testimony that the interlineations and erasures in the deed were made before delivery.—*Burgess v. Blake,* 128 Ala. 105. The loss of the deed was established and its contents were capable of parol proof.—3 Mayf. 516. The agreement between Hunnicutt and Neill was not admissible.—*Head v. Hunnicutt, supra.*

McCLELLAN, J.—Statutory ejectment. The report of the case on former appeal is to be found in 172 Ala. 48, 55 South. 161.

Upon further consideration, on rehearing, the court finds that what purports to be a description of the lands in suit, in the complaint, and in the verdict and judgment is wholly indefinite and insufficient. If speculation may be indulged, as aided by the description in the deed from Neal to plaintiff, the error in complaint, verdict, and judgment arises from the improper use of "west" for "east" in giving the direction for the north line. As set out in the pleading and in the verdict and judgment, no certain area is described. If we should assume to read "west," "east," in definition of the last (east) line of an area thus made a parallelogram, the result would be to define an area not described in the instrument upon which plaintiff relies for his title. The general charge for the defendant was, therefore, erroneously refused to him; and, in consequence, of course, the giving of the affirmative charge for the plaintiff was error.

The written agreement between Hunnicutt and Neal, and its exhibits, of date November 8, 1907, were with-

out bearing upon the issues in this case. It was so ruled on former appeal, and no sufficient reason appears for a departure therefrom.

It is now insisted for appellant that this written agreement was rendered relevant and admissible because of an anterior verbal agreement between Neal and the Hunnicutt-Neal Lumber Company, whereby the company was to have the use of the lot for the purposes of the enterprise, and that the land and improvements (made by the company thereon) should be acquired by the stockholder continuing the business if at any time either member of the corporation should sell out or dispose of his interest in the corporation. An element of support of this theory is said for appellant to be found in the clause of the Neal-Hunnicutt deed: "The purpose of this conveyance being a conveyance by the grantors of their entire interest in real estate and timber rights in Bibb county, Alabama, to the grantee, without warranty of title." As construed on former appeal, neither the written agreement nor the Neal-Hunnicutt deed affected the lot in suit—the individual property of Neal. If it should be assumed that the separate verbal agreement mentioned was in fact made, we are unable to see how the written agreement itself, without allusion or reference to that verbal agreement, could be of evidential effect or influence in any degree. Nor can we discover the remotest connection between the quoted words of the Neal-Hunnicutt deed and the stated verbal agreement. There was no error in declining to admit the written agreement and its exhibits.

It appears from the testimony adduced by both litigants that about the year 1898 Neal, who owned the land, made a verbal engagement with the Hunnicutt-Neal Lumber Company, of which he was a stockhold-

er, wherein it was agreed that the company should have the occupancy and use of the land in suit for the purposes of the enterprise, viz., the operation of the sawmill business at Vick, Ala.; that the company should erect certain structures thereon for service in the conduct of that business; and that upon the termination of the "lease" Neal should have the structures so erected as the consideration for the use of his land as stated. When the "lease" should be terminated was a matter of dispute, Neal, plaintiff's grantor, testifying that it should determine when the owners of the corporation, viz., Hunnicutt and Neal, should wind up that business, which it appears from his testimony, contemplated a purchase of some sort by one of them of the interest of the other in that business—a process which was effected by the written agreement set out in the report of the former appeal.—172 Ala. 48, 55 South. 161. On the other, Hunnicutt's view of the verbal "lease's" termination was, to summarily state it, that it would not occur while the corporation engaged in the sawmill business at Vick, Ala., and that the contingency had not when the suit was instituted occurred to determine the right of the corporation to the possession of the premises under the verbal agreement, the buildings having been promptly erected and the possession then (1898) assumed—a possession that had not been surrendered.

The court is of the opinion that the verbal agreement, in reference to which both Neal and defendant (appellant) testified, created a tenancy at will between Neal as landlord and the Hunnicutt-Neal Lumber Company or the Hunnicutt Lumber Company, a corporation, as tenant.—24 Cyc. pp. 1036-1040; *Mhoon v. Drizzle,* 14 N. C. 414; *The Bishop of Bath's Case,* 3 Coke, Eng. Rep. (reprint) p. 303. This relation, together with the right to possession thereunder, was determin-

[Crawford Merc. Co. v. Anderton, et al.]

able on notice at the election of either party thereto.— Authorities, supra. But the character of this right to possession was such that it could not be assigned by the corporation to another.—24 Cyc. p. 1037, and authorities cited in note 62.

In consequence J. W. Hunnicutt, the individual who alone is sued or defends in this action, cannot avail of or justify his possession of premises affected by the verbal agreement in question, for that he was without individual interest in or right under it. No relation of tenancy having existed on that account between Neal or Neal's grantee (plaintiff) and Hunnicutt individually, it was not, of course, necessary that any demand should have been made on Hunnicutt.

The rehearing is granted, the judgment of affirmance is set aside, and a judgment of reversal is entered. The cause is remanded.

Reversed and remanded. All the Justices concur.

DOWDELL, C. J., not sitting.