(85 South. 523)

## LAMMON v. SOUTHERN COTTON OIL CO.
### (4 Div. 865.)

(Supreme Court of Alabama.    June 3, 1920.)

**1. Landlord and tenant** ⬥⟾118(3)—**Lease of seed house so indefinite as to create tenancy at will.**

Lease of seed house, so long as it should remain on land described, without provision for periodical payment of rent, no rent being charged, *held* so uncertain and indefinite as to create a tenancy at will.

**2. Landlord and tenant** ⬥⟾120(1)—**A tenancy at will held terminated.**

Where actual possession of a seed house, erected by lessee on lessors' land, was always in lessors, owners of the fee, and the house was erected, in furtherance of a contractual relation between the parties, for the purchase of cotton seed, which relation had terminated, and lessors gave sufficient notice to lessee that it could no longer occupy space on which the house was located, and not only offered to let lessee move the house, but to move it for lessee, the tenancy at will was terminated, regardless of Code 1907, § 4732.

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

Ejectment by the Southern Cotton Oil Company against Freddie Lammon. From judgment for plaintiff, defendant appeals. Reversed and rendered.

Statutory ejectment by appellee against appellant to recover possession of one seed house and the land on which the same is located, which is particularly described in the following written instrument offered in evidence by the plaintiff:

"Dothan, Ala., Jan. 26, 1915.

"Southern Cotton Oil Company, Dothan, Ala. —Gentlemen: This will be your authority for holding as your property one seed house built by you during July and August, 1914, on our property in Hartford, Alabama, and situated as follows: On one gin lot in Hartford, Alabama, in block ten (10), said seed house is situated on the north side of said lot, and facing Main street and near the intersection of Line and Main street, and adjacent to a spur track extending west on the Central of Georgia Railroad.

"It is also agreed that you are to hold lease, without charge, to the space which this house occupies, so long as it remains thereon.

"[Signed] Lammon Brothers,
             "Per   D. M. Lammon."

The evidence tended to show that the seed house mentioned in this contract and connected with defendant's gin was built in the summer of 1914; the plaintiff paying $250 on the construction thereof. Lammon Bros. and plaintiff had entered into a contract whereby Lammon Bros. were to buy seed to be sold to the plaintiff so long as plaintiff paid the market price. During the

fall of 1914 Lammon Bros. bought and sold cotton seed to the plaintiff, and the seed house in question was erected for the purpose of storing the seed, which the defendant's firm was to buy and sell to plaintiff. But the arrangement whereby Lammon Bros. were to purchase for the plaintiff was discontinued, because the former insisted that plaintiff would not pay the market price. The house was used for storage of seed purchased by Lammon Bros. for the plaintiff during the fall of 1914, but was used for the storage of seed purchased by them and sold to other parties in the seasons subsequent thereto.

During the fall of 1917 the agent of the plaintiff demanded the use of the house, which was refused, but another house was provided plaintiff. Later the agent again demanded the house, and Lammon Bros. offered to move the house for the plaintiff, or that plaintiff move it; but plaintiff's agent insisted they wanted the use of the house where it was. The defendant succeeded to the entire rights and interest of Lammon Bros., and refused to surrender possession.

The cause was tried before the court without a jury, resulting in a judgment for the plaintiff, from which this appeal is prosecuted.

W. O. Mulkey, of Geneva, and E. C. Boswell, of Hartford, for appellant.

The lease relied on was ineffective to pass the legal title, or even the right of possession. Section 4289, subd. 5, Code 1907; 33 Ala. 91; 128 Ala. 612, 29 South. 690. Plaintiff's remedy, if any, is for breach of contract. 110 Ind. 325, 11 South. 230, 59 Am. Rep. 209. The paper is not an easement. 133 Ala. 411, 31 South. 947, 57 L. R. A. 720, 91 Am. St. Rep. 38. It is not a lease. 20 Ala. 412, 56 Am. Dec. 202; 33 Ala. 578, 73 Am. Dec. 439; 17 R. C. L. 564, note 12. It seems to be an incorporeal hereditament. Authorities supra.

Chapman & Lewis, of Dothan, for appellee.

The paper is a lease. 119 Mo. App. 541, 96 S. W. 261; 1 Ga. App. 25, 57 S. E. 1087; 47 Misc. Rep. 180, 93 N. Y. Supp. 513. It is sufficient on which to maintain the action. 75 Ala. 524, 51 Am. Rep. 475; section 2453, Code 1907.

GARDNER, J. [1] The plaintiff in this action (appellee here) relies for recovery upon what is referred to as a lease contract appearing in the form of a letter, as shown in the foregoing statement of the case. The term of the lease was so long as the house remains upon the land described, which is of course a most indefinite period. There is no provision for any periodical payment of rent, as no rent was charged. If this instrument, therefore, is to be construed as a lease,

then it is so uncertain and indefinite as to its terms as to create a tenancy at will between the parties under the decision of Hunnicut v. Head, 179 Ala. 567, 60 South. 831, and authorities there cited. See, also, 24 Cyc. 1038.

[2] The only remaining question is whether the proof suffices to show that such a tenancy has been terminated. The actual possession of the seed house has all along been in Lammon Bros., the owners of the fee. The proof shows that the house was erected in furtherance of the contractual relation existing between the parties for the purchase of cotton seed, and this relation had terminated, and the defendant given sufficient notice to the plaintiff that it could no longer occupy the space upon which the house was located. Cook v. Cook, 28 Ala. 660. If it be contended that the contract is still in force because of the fact that the house has not been removed from the land, such contention is fully met by the proof, which, practically without dispute, discloses that the defendants offered, not only to let the plaintiff move the house, but to themselves move it for the plaintiff. If any such condition was therefore necessary, this would suffice to establish a complete waiver thereof. See 24 Cyc. 1334–1338. Such, therefore, being the relation between the parties, and the tenancy at will having terminated, the plaintiff was not entitled to recover, and the court below erred in the judgment rendered.

We find nothing in any of the provisions of section 4732, Code 1907, which, under the circumstances here disclosed and the contract here involved, in our opinion, at all militates against the conclusion here reached. The judgment will therefore be reversed, and one here rendered in favor of the defendant.

Reversed and rendered.

ANDERSON, C. J., and SAYRE, SOMERVILLE, THOMAS, and BROWN, JJ., concur. McCLELLAN, J., concurs in result.

McCLELLAN, J. (concurring). The writing signed by Lammon Brothers, set out in the statement of the case, is, in my opinion, without binding force, because no consideration was shown as passing to the owner of the land upon which the building was constructed, before or at the time this agreement was attempted to be made. Indeed, it affirmatively appears that the house was constructed many months before this writing was executed, and no rent was provided for or reserved. To support a lease as a contract there must be some consideration, express or implied; and none is shown in this instance. Taylor's Landlord & Tenant (9th Ed.), § 152.

With respect to the view expressed in the majority opinion, viz., that the relation between these parties was that of a tenancy at will, I am unable to reconcile that view with these very plain provisions of Code, § 4732: "Where no time is specified for the termination of a tenancy, the law construes it to be for the calendar year. * * *" If the expression in the writing referred to, viz., "so long as it [the building] remains thereon," is not read as a reference to the duration of the tenancy, the writing does not specify the duration of the tenancy and, hence, subjects the relation to the effect of the law as quoted from Code, § 4732.

Upon these considerations, I concur in the reversal and rendition of the judgment.