(87 South. 559)

## JOHNSON v. BLOCTON-CAHABA COAL CO. (2 Div. 742.)

(Supreme Court of Alabama. Jan. 27, 1921. Rehearing Denied Feb. 19, 1921.)

**1. Landlord and tenant ⬤⟿118(1)—Lease terminable with cessation of employment held not to create tenancy at will.**

Although a lease by coal company to its employé of a dwelling left the latter free to leave the employment at any time, and the company retained a right to discharge, and the lease provided for vacation of the premises on termination of employment, yet, the rental being fixed by the month, payable "on the 15th of each month," the contract did not create a tenancy at will.

**2. Landlord and tenant ⬤⟿291(1)—Notices of termination of tenancy and to vacate held sufficient.**

Landlord's notices of termination of tenant's possessory interest of premises and for a delivery of possession within 10 days, to avoid unlawful detainer action, *held* sufficient for the purposes intended; the unlawful detainer action being begun more than 10 days after notice (Code 1907, § 4263).

**3. Landlord and tenant ⬤⟿120(2)—Statute for terminating tenancies not applicable to lease providing for immediate termination on violation of terms.**

The requirement of Code 1907, § 4732, that where no time is specified for the termination of tenancy it shall be construed for the calendar year, and that tenancy at will may be terminated by 10 days' notice by either party, is without application to a lease giving right to "immediate termination" for any violation of its terms, and such violation has occurred.

**4. Landlord and tenant ⬤⟿24(1)—Lease contracts, not lacking in mutuality and vitality, because unilateral.**

In unlawful detainer, objection that the lease was placed in evidence without proof of authority for its execution on behalf of plaintiff corporation, other than that given to plaintiff's executive officer by its vice president, *held* not error, since such contracts are not lacking in mutuality and vitality, though they may be unilateral.

**5. Landlord and tenant ⬤⟿291(1)—Landlord's notice to quit held sufficient, though not fixing date for commencing action.**

A written notice, required by Code 1907, § 4263, to terminate tenancy, is admissible in evidence in a landlord's unlawful detainer action, where it declared, in explicit terms that defendant's possessory interest had terminated, and that on failure to deliver possession within 10 days such action would be instituted, although it fixed no date when the action would begin.

**6. Landlord and tenant ⬤⟿112(1)—Landlord's delay after breach of lease and until after other defaults held to give tenant no possessory rights.**

Where a landlord employer leased to tenant servant residence property under contract, to terminate on quitting premises, and landlord delayed more than 2 months, until after defaults in payment of rents, before giving notice of termination of lease and subsequent notice to quit premises, under Code 1907, § 4263, such delay gave defendant no possessory right while in default to remain longer than 10 days provided in such statute, since, in view of the explicit terms of the contract, the first notice was effectual to terminate the lease.

**7. Landlord and tenant ⬤⟿103(1)—"Immediately," as used in lease regarding termination, means as soon as practicable.**

A lease provision, that for any violation of its terms the landlord "may immediately terminate this lease and immediately take possession of said premises," means by the word "immediately" "as soon as practicable."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Immediately.]

Appeal from Circuit Court, Bibb County; B. M. Miller, Judge.

Action in unlawful detainer by the Blocton-Cahaba Coal Company against William Johnson. Judgment for plaintiff, and defendant appeals. Affirmed.

This is one of a number of cases in which the coal operators sought to dispossess miners of the houses occupied by them and held under lease from the coal company; miners having gone and ceased to work for the coal company. The lease contract is as follows:

"State of Alabama, County of Bibb

"This indenture, made and entered into this the 16th day of November, 1919, by and between the Blocton-Cahaba Coal Company and William Johnson, witnesseth: That in consideration of a rental of six and no/100 dollars per month, to be paid by the said William Johnson on the 15th day of each month, the said Blocton-Cahaba Coal Company does rent to William Johnson house No. 98 at Coleanor so long as the said William Johnson continues in the employ of the said company.

"Said house to be used by said William Johnson as a dwelling only, and not to be sublet. Peddlers, solicitors for the sale of goods, or other persons objectionable to the officers of the said Blocton-Cahaba Coal Company, shall not be allowed on the premises.

"For any violation of the terms of this agreement the said Blocton-Cahaba Coal Company may immediately terminate this lease, and immediately take possession of the said premises, and a waiver of one breach of this contract by the Blocton-Cahaba Coal Company, shall not operate as a waiver of other breaches.

"The said William Johnson hereby expressly waives the thirty days' notice to vacate, or any other notice to vacate, that the Blocton-Cahaba Coal Company would otherwise be required to give.
Blocton-Cahaba Coal Co.,
"By E. C. Parnell.
"William Johnson."

The notice to vacate is as follows:

"Your possessory interest in house No. 98, located at Coleanor, Ala., and belonging to the

Blocton-Cahaba Coal Co., is hereby terminated, effective July 26, 1920, and according to the terms of the lease you are hereby notified to surrender possession of said house and inclosure in which said house is located to the Blocton-Cahaba Coal Co., or its agent, on or before the said date, or legal steps will be taken to dispossess you thereof.

"Blocton-Cahaba Coal Co.,<br>"By W. E. Henley, V. P."

This notice is dated July 23, 1920.

On July 27, 1920, the following notice was served on defendant:

"Possession of house No. 98, at Coleanor, Ala., and the premises appurtenant thereto, heretofore rented to you by the Blocton-Cahaba Coal Company, and now occupied by you as a residence, are hereby demanded of you by said company; your possessory interest therein having terminated. Failing to deliver possession within 10 days from receipt of this notice, an action of unlawful detainer will be instituted against you to recover possession of said house and premises, and for damages for the detention thereof, and in such event your household goods may be sold to satisfy the judgment rendered in such proceedings.

"Blocton-Cahaba Coal Co.,<br>"By W. E. Henley, V. P."

Frank S. White & Sons, of Birmingham, for appellant.

There was no proof of Parnell's right to execute the lease in behalf of plaintiff, except that given him by Vice President Henley, and its introduction was error. 181 Ala. 368, 61 South. 951; 153 Ala. 322, 45 South. 157; 7 Ala. 283, 42 Am. Dec. 592; 8 Ala. 333; 5 Nev. 224; 10 Cyc. 906. The lease was a lease for the calendar year. Section 4732, Code 1907. No authority is shown in Henley to terminate the lease. 153 Ala. 138, 45 South. 51; 142 Ala. 609, 38 South. 662; 18 A. & E. Enc. of Law, 394, and authorities supra. No authority is shown in Henley to give notice to terminate the tenancy. Authorities supra. It is not shown that a re-entry is made before bringing the suit. 169 N. Y. 381, 62 N. E. 425; 18 A. & E. Enc. of Law, 448; 2 Bouvier, 525; See, generally, 2 Tiffany, L. & T. 1751, and authorities there cited.

Percy, Benners & Burr, of Birmingham, for appellee.

The written lease was properly admitted in evidence. 100 Ala. 431, 14 South. 281; 36 Ala. 351; 159 Ala. 462, 49 South. 76; 108 Ala. 252, 19 South. 318; 105 Ala. 629, 17 South. 109; 163 Ala. 55, 50 South. 113; 166 Ala. 616, 52 South. 81, 139 Am. St. Rep. 50; 59 South. 584; 80 Wash. 489, 141 Pac. 1147, Ann. Cas. 1916B, 306; 16 R. C. L. 1108, 1111, 1112; 24 Cyc. 1339; 27 Iowa, 269; 37 W. Va. 778, 17 S. E. 299; 52 Fed. 268, 3 C. C. A. 76. The notice terminating defendant's possession, referred to as the first notice, was properly admitted in evidence. 80 Ala. 537, 2 South. 438; 156 Ala. 458, 47 South. 256; 155 Ala. 250, 46

South. 564; 26 N. C. 291, 42 Am. Dec. 123; 2 Taylor's L. & T. 56; 108 Mass. 150, 11 Am. Rep. 328; 48 Barb. 551; 1 K. B. 1902; 24 Cyc. 1332. The second notice was properly admitted. Authorities supra. The collection by the plaintiff of $7.75 per month, instead of $6.75, for the months of April and May, did not annul the lease. 167 Ala. 597, 52 South. 887; 9 Ala. App. 178, 62 South. 567; 17 Ala. App. 263, 84 South. 311; 99 Ala. 436, 12 South 61; 93 Ala. 126, 9 South. 598. Under these authorities, court did not err in giving the affirmative charge for the plaintiff.

THOMAS, J. Recent decisions touching the questions presented on this appeal are Vinyard v. Republic Iron & Steel Co., 87 South. 552,[1] Allen v. Southern Coal & Coke Co., ante, p. 363, 87 South. 562, and Eddins v. Galloway Coal Co., ante, p. 361, 87 South. 557.

By the terms of the instant lease contract Blocton-Cahaba Coal Company rented to William Johnson the house designated: (1) So long as he continued in the employment of that company; (2) the tenant expressly waiving "the thirty days' notice to vacate, or any other notice to vacate, that the Blocton-Cahaba Coal Company would otherwise be required to give"; (3) for any violation of the terms of the agreement said company might immediately terminate the lease and immediately take possession of the said premises. It is further stipulated (4) that a waiver of one breach of this contract by the "company shall not operate as a waiver of other breaches," and (5) that the consideration for the lease was a rental of $6 per month to be paid by the said William Johnson on the 15th day of each month to the said Blocton-Cahaba Coal Company.

[1] Strictly speaking, this was not the creation of a tenancy at will, since it was expressly stipulated that monthly rentals be paid "on the 15th day of each month," subject to forfeiture by failure of payment and discontinuance of employment of lessee by lessor. In Lammon v. Southern Cotton Oil Co., 85 South. 523,[2] the lease contract contained no provision for any periodical payment of rent, and in Hunnicutt v. Head, 179 Ala. 567, 60 South. 831, there was no stipulation for periodical payment of rent by the year, month, or week—no rent being charged. It is true that Johnson was free to leave the employment of the coal company at any time he desired, and the company had such right of discharge; yet the rental period was fixed by the month, and $6 was to be paid "on the 15th day of each month," and to continue "so long as said Johnson continues in the employment of said company."

[2] Plaintiff's evidence shows that on the date of the execution of the above-mentioned lease the said Johnson was in the employ-

---

[1] Ante, p. 269.          [2] 204 Ala. 324.

ment of plaintiff, and continued in its employment until May 8, 1920, at which time he left the employment of the plaintiff, and has not since worked for it; that the defendant paid the amount of rent on his house and went into possession of the same under the lease referred to—that is to say, paid the stipulated rent "in accordance with the lease up to the 1st day of June, 1920." Defendant's evidence was to the effect that he signed the lease on the day the same bears date, paid rent according to its terms up to April 1, 1920, and for the months of April and May paid at a different rental demanded of him by plaintiff. The reasonable construction of the uncontroverted evidence was that the rent was fully paid by defendant for the month of May, 1920, and not thereafter; that on the 8th day of May he left the employment of plaintiff, and has not since been employed by it; that on July 23d plaintiff gave notice in writing to defendant that his "possessory interest" in the premises in question was thereby terminated, "effective July 26, 1920, and according to the terms of the lease" he was notified to surrender possession of said premises (house and inclosure) before the date indicated, "or legal steps will [would] be taken to dispossess" him of the same. Thereafter, on July 27, 1920, plaintiff demanded in writing possession within 10 days, etc., by serving a copy of such demand in writing on the defendant or by leaving the same at his usual place of abode. Such respective notices were sufficient for the purposes each was intended to subserve. Vinyard v. Repub. I. & S. Co., 87 South. 552; [3] Harris v. Hill, 190 Ala. 589, 67 South. 284; Ross v. Gray Eagle Coal Co., 155 Ala. 250, 46 South. 564. It is observed that more than 10 days elapsed between the service of statutory or final notice before institution of unlawful detainer and the institution of the suit on August 7th. Code, § 4263; Harris v. Hill, supra.

[3] It is of statutory requirement that, where no time is specified for the termination of a tenancy, the law construes it for the calendar year, but that a tenancy at will may be terminated at will by 10 days' notice in writing by either party. Code, § 4732; Lammon v. Southern Cot. Oil Co., supra; Hunnicutt v. Head, supra. This statute is without application to the terms of the instant lease, giving the right of "immediate termination" by the lessor for any violation of the terms of the agreement. The evidence is without conflict that defendant had left the employment of plaintiff and had defaulted in payment of the monthly rental on the 15th day of June and July, 1920.

[4] Appellant's assignment of error and argument of counsel supporting the same were that the admission by the court of the lease in evidence, without proof of authority to execute the same on behalf of

plaintiff, except as that authority was given by Parnell, plaintiff's executive officer, its vice president, was error. As to this, Parnell testified that he was authorized by W. E. Henley, vice president and superintendent of plaintiff, to sign the lease in question, and he did so, and that, after signing same, defendant went into possession of the house sued for under said lease. Mr. W. E. Henley testified that as vice president of the plaintiff company, he authorized said Parnell to execute the lease referred to. However this may be, this phase of the case was discussed and disposed of in Vinyard v. Republic Iron & Steel Co., supra, holding that such contracts are not lacking in mutuality and vitality, though they may be unilateral. No reversible error was committed in the introduction of the lease in evidence, over defendant's objection.

A different case is presented from that dealt with in Montgomery B. & T. Co. v. Walker, 181 Ala. 368, 61 South. 951, where the authority of the president and cashier of a bank, as affecting the right to pledge the assets of the bank to secure an antecedent and questionable debt, was considered, and from that in Drennen & Co. v. Jasper, etc., Co., 153 Ala. 322, 45 South. 157, where one person was president of two corporations, one of which was indebted to the other on a simple contract debt; such president consenting with himself as president of both corporations that certain properties belonging to the debtor corporation should become the property of the creditor corporation as a payment of the debt.

[5] The third assignment of error is based upon the action of the circuit court in overruling defendant's objection to the introduction in evidence of the notice of termination of the tenancy, and that giving 10 days' notice in writing required by Code, § 4263. The written notice of termination fixed the date of its becoming effective on July 26, 1920. It is true the written demand for possession did not fix a future date when suit would be instituted, but it declared in explicit terms that defendant's possessory interest in the house and premises in question had terminated, and that, failing to deliver possession within 10 days from the receipt of the notice, an action of unlawful detainer would be instituted against defendant to recover said premises. This was sufficient.

[6] The lease had stipulated that it should continue while the defendant was in the employment of the company and he paid the monthly rental on the 15th day of each month. If his quitting the employment was not of itself sufficient to terminate the tenancy, the default in payment of rental for June and July warranted the action taken on the part of the plaintiff to terminate the same by giving defendant the appropriate written notice in question. The fact that the company delayed from the 8th

[3] Ante, p. 269.

day of May, the time he left plaintiff's employment, until after default in rent on June or July 15th, to the 23d of July thereafter, to give defendant the notice of termination of the lease, effective July 26th, and the subsequent notice to quit the premises, gave defendant no possessory right, while in default, to remain on the premises longer than the 10 days provided by the statute. Code, § 4263.

[7] Under the explicit terms of the contract the notice first given was effectual to terminate the lease. The word "immediately," as used therein, means as soon as practicable, in the light of the surrounding circumstances. C., B. & Q. R. Co. v. Richardson County, 72 Neb. 482, 100 N. W. 950; Huff v. Babbott, 14 Neb. 150, 15 N. W. 230; Lydick v. Korner, 13 Neb. 10, 12 N. W. 838; Claus Shear Co. v. Lee Hdwe. House, 140 N. C. 552, 53 S. E. 433, 6 Ann. Cas. 242;' Clauss Shear Co. v. Ala. Barb. Supp. Co., 1 Ala. App. 664, 666, 56 South. 49, L. R. A. 1916E, 943. The affirmative charge was properly given at plaintiff's request in writing.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN, SAYRE, SOMERVILLE, and GARDNER, JJ., concur.

MILLER, J., not sitting.