# Ross *v.* Gray Eagle Coal Company.

## *Unlawful Detainer.*

(Decided May 14, 1908. 46 South. 564.)

1. *Unlawful Detainer; Demand; Notice; Termination of Rental Contract.*—Two notices are essential, unless waived, to enable the landlord to maintain unlawful detainer where the rental contract does not by its terms terminate the tenancy and deprive the tenant of any possessory interest in the premises; the office of one notice being to terminate the relation, and the other being a demand after the termination.

2. *Same; Demand; Sufficiency.*—A demand by a landlord upon the tenant, made before the expiration of the possessory right of the tenant, to vacate the leased premises at once, while sufficient probably to terminate the relation at the end of the period, is insufficient as a demand for the premises after the termination of the tenant's possessory interest.

3. *Same; Notice; Waiver.*—The facts stated in the opinion and held not to constitute a waiver of the notice terminating the relation, by the tenant, so as to render the notice one to quit after termination of the tenancy.

APPEAL from Shelby Circuit Court.

Heard before Hon. JOHN PELHAM.

Action by the Gray Eagle Coal Company against George Ross. From a judgment for plaintiff, defendant appeals. Reversed and rendered.

FRANK S. WHITE & SONS, and J. B. GARBER, for appellant. The court erred in rendering judgment for the plaintiff. A notice to quit for failure to pay rent is not sufficient to determine the holding if it requires the tenant to deliver the premises forthwith.—*Oakes v. Monroe,* 8 Cush. 282. It requires two notices.—*McDevitt v. Lambert,* 80 Ala. 538; *Walker v. Sharpe,* 14 Ala. 43; *Prindle v. Anderson,* 19 Wend. 32; Wade on Notice, sec. 611; Taylor's Landlord & Tenant, secs. 466-7. At all events the notice must be for as long a time as the periods of payment.—Washburn's Real Property 610. The written demand for possession was insufficient in that it was made before thirty days had expired after giv-

ing notice to quit.—*McDevitt v. Lambert, supra*.. The judgment entry is insufficient in that the premises were not sufficiently described.— Sec. 2123, Code 1896; *Webb v. Reynolds,* 139 Ala. 398.

TILLMAN, GRUBB, BRADLEY & MORROW, and M. M. BALDWIN, for appellee. The words of the notice were sufficient to terminate the tenancy.—*McDevitt v. Lambert,* 80 Ala. 536; 24 Cyc. 1332; 18 A. & E. Ency. of Law, 396; Taylor's Landlord & Tenant, sec. 466; *Burns v. Bryant,* 31 N. Y. 453; *Creighton v. Sanders,* 89 Ill. 543; 18 A. & E. Ency of Law, 400. The authorities cited by appellant show that the judgment was sufficient. The agreed statement of fact makes out plaintiff's case conclusively and there is no defense.—*Davis v. Penn.,* 108 Ala. 445; *Howard v. Jones,* 123 Ala. 492.

McCLELLAN, J.—The appellee, the landlord, brought this action of unlawful detainer against the appellant, the tenant, to restore the possession of a tenement house. The rental contract was "by the month for the rental sum of $6 per month, under the agreement that one-half of said sum should become due and payable at the expiration of every two weeks thereof." It was, in writing, agreed in the cause "that, if the court shall hold that the words of said notice are not sufficient in law to terminate said relation of landlord and tenant, then it shall render judgment for the defendant; but, if the court shall hold that said words of said notice are sufficient to terminate said relationship. then each and every other fact necessary to authorize a recovery for the plaintiff is admitted. The notice mentioned above from the appellee to the appellant, was, thus expressed: "You are hereby notified to vacate our house at once. Trust it will not be necessary to enforce this."

Where the contract or rental or leasing does not by its terms terminate the tenancy, depriving, thereafter, the tenant of any possessory interest in the premises, two notices are, unless waived, essential to enable a complaining landlord to maintain unlawful detainer. The statute (Civ. Code 1896, § 2127) provides the demand, one of the notices, requisite "after the termination of the possessory interest" of the tenant. The office of the other notice is to terminate the relation.—*McDevitt v. Lambert,* 80 Ala. 536, 2 South. 438. Of these two notices, the one in question is referable only to the former, the statutory demand. It notifies the tenant to vacate the house occupied by him, and that at once. At the time when the notice was dated and served, viz., July 5, 1907, the tenant was entitled to the possession of the premises until July 31, 1907, regardless of the sufficiency vel non of the notice given after the beginning of that month. Yet the notice required immediate vacation of the premises, notwithstanding the stated right of the tenant to the possession. In other words, the notification given by this paper demanded, by its very terms, a vacation when the landlord had no such right. We can read this notice to no other effect than that plainly expressed by it. While no particular form of notice to quit, to terminate the tenancy, is provided by statute here, yet we are clear to the point that such a notice should at least be unequivocal in its expression of an intention to terminate the relation at the end of one of the periods whereby the rental is measured.—Tiedeman on Real Property, § 218, and notes; Taylor's Landlord & Tenant, § 476; 24 Cys. pp. 1332, 1333, and notes.

Did the notice bear to the tenant the information that the landlord intended to terminate the relation on July 31, 1907? It cannot, we think, be so construed, when it is considered that the landlord declared, if so, his inten-

tion to terminate the relation at once. It might very well be that the landlord would desire an immediate destruction of the relation, and, if that could not be had by him, entertain no desire or intention to terminate it 26 days hence. How can it, then, be said, from this notice, that he even intended to warn the tenant of the intention to end the relation at a time, with due regard to the rights of the tenant in the premises, more than 20 days beyond that expressed in the term "at once." As to the tenant, manifestly it was his right to be at least reasonably informed when the landlord intended to terminate the relation. Being told by the notice that he should vacate at once, and knowing the want of right in the landlord under the rental agreement to terminate the relation short of the last day of the month, certainly no obligation rested to seek out the landlord and inquire when, other than stated in the notice, he intended to terminate the relation. It was the duty of the landlord to inform the tenant of his intention in the premises, and not of the tenant to exert himself to acquaint the landlord with the vanity of the notice sent, to the end that he (the landlord) might select another time for the termination of the relation. We therefore hold that no waiver of the notice by the tenant occurred.

The trial being by the court without a jury, and the notice to terminate the tenancy being insufficient, the judgment below is reversed, and one will be here rendered for the defendant (appellant).

Reversed and rendered.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.