# Speer, *et al. v.* Smoot.

## *Unlawful Detainer.*

(Decided June 30, 1908. 47 South. 256.)

1. *Unlawful Detainer; Right to Maintain; Conditions Precedent.*—Unless waived two notices are essential to entitle a landlord to maintain unlawful detainer against a tenant; the one being to terminate the possessory right, or the tenancy, and must be equal in length to the intervals between payment; the other, the demand to deliver possession after the termination of the possessory right. (Section 2127, Code 1896.)

2. *Same; Notice; Sufficiency.*—Where premises are held under a tenancy from month to month the notice to terminate the tenancy should be for a month, and a notice of about ten days is not sufficient.

3. *Same; Waiver of Notice.*—A notice to vacate premises on a designated date is waived by the landlord upon acceptance by him of rent for the tenure and use of the premises beyond that date.

APPEAL from Elmore Circuit Court.

Heard before Hon. W. W. PEARSON.

[Speer, et al. v. Smoot.]

Unlawful detainer by Emma L. Smoot against L. E. Speer and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Testimony for plaintiff tended to show that she let the property to Speer in the year 1903 or 1904 from month to month, and that Speer occupied until Janu'y 1, 1907; that the rent was paid by Speer up till November 6, 1906; that J. M. Smoot was the agent of appellee and her son, and had the collecting of her rent and the managing of her business; that about 10 days before November 1, 1906, he gave to Speer, appellant, a written demand to vacate the premises paid for by November 1, 1906; that he collected the rent for the month of October, 1906, and gave Speer a receipt showing that the rent of the house and land had been paid to the 6th of November, 1906. The evidence does not disclose any other written notice than the one above mentioned. The testimony for appellant tended to show a rental contract to January 1, 1907. Appellant requested the general affirmative charge, which was refused.

FRANK W. LULL, for appellant. The notice to terminate the tenancy must be equal to the interval between the times of payment of rent, or the length of time by which the letting was first measured.—McDevitt v. Lambert, 80 Ala. 536; 1 Washburn's Real Property, 280. A second notice after the termination of the contract for delivery of the possession was necessary and must be in writing.—Sec. 2127, Code 1896; McDevitt v. Lambert, supra; Ullman v. Herzberg, 91 Ala. 458; Lykes v. Schwarz, 91 Ala. 463.

HOLLY & McMORRIS, for appellee. No brief came to the Reporter.

McCLELLAN, J.—Unlawful detainer. Granting, as plaintiff insisted below, that the tenancy was from month to month, with the payments so payable, the plaintiff should not have been accorded a judgment, because the two notices necessary to enable her to maintain the action were not given the defendant.—*McDevitt v. Lambert,* 80 Ala. 536, 2 South. 438; *Ross v. Gray Eagle Coal Co.,* 155 Ala. 250, 46 South. 564. These two essential (unless waived) notices are: "First, to terminate the tenancy, the possessory right, which must be equal in length to the intervals between payments; and, second, the demand required, after the termination of the possessory interest," by the statute.—Code 1896, § 2127. Here a notice was given in October to terminate the tenancy on November 1st following. This notice was not of sufficient length under the authorities cited.

Besides, the subsequent (to November 1st) acceptance of rent for tenure and use beyond, by several days, that date, was a waiver of the notice to quit, if such it was, on November 1st.—24 Cyc. pp. 1334, 1335 and notes. The proof shows, without dispute, that the demand specified in the statute cited before was not given, nor was any waiver of either of these notices shown. We do not see how, as the case stands, the plaintiff can recover. However, we must reverse the judgment and remand the cause.

Reversed and remanded.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.