# Johnson *v*. Miller.

*Unlawful Detainer.*

(Decided May 24, 1909.   49 South. 858.)

1. *Appeal and Error; Finding of Court.*—The finding of the trial court on evidence justifying it will not be reversed on appeal because of a conflict in the testimony.

2. *Unlawful Detainer; Termination of Tenancy; Notice to Quit.*—Where the tenant is already in wrongful possession of the premises notice from the landlord to quit is not necessary in order to enable him to maintain unlawful detainer.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

Action of unlawful detainer by J. M. Miller against W. R. Johnson,  Judgment for plaintiff, and defendant appeals.   Affirmed.

LEITH & GUNN, for appellant.—To terminate a lease by the month there should be notice to quit, equal in time to the tenancy.—*McDevitt v. Lambert,* 80 Ala. 536; Sec. 4953, subd. 3; Code 1907.   After the termination of the tenancy the statute requires another written notice before suit can be maintained.

L. D. GRAY, for  appellee.—Where  the  tenancy  is wrongful the common law notice to quit is not necessary in  order  to  maintain  unlawful  detainer.—*McDevitt v. Lambert,* 80 Ala. 536.

SIMPSON, J.—This action of  unlawful  detainer was brought by the appellee against the appellant in the justice of the peace court, where a judgment was rendered against the defendant, whence the case was removed to the law and equity court by certiorari, where

[Clarke v. Dunn.]

it was tried do novo. The property having been delivered up, judgment was rendered by the court without a jury against the defendant for the costs.

The court made a special finding of the facts, to the effect that there was a termination of the defendant's possessory interest by agreement September 1, 1905, and that the defendant was in the wrongful possession of the property at the commencement of the suit. The only assignments of error are to the action of the court in so finding and in rendering judgment for the plaintiff.

While there is some conflict in the testimony, yet the finding of the court is based upon evidence justifying such finding, and will not be disturbed by this court. This being the case, there was no necessity for any notice to terminate the tenancy, and the judgment of the court is without error.

The judgment of the court is affirmed.

DOWDELL, C. J., and McCLELLAN and MAYFIELD, JJ., concur.