(37 South. 557)

## EDDINS v. GALLOWAY COAL CO. (2 Div. 741.)

(Supreme Court of Alabama. Jan. 27, 1921. Rehearing Denied Feb. 19, 1921.)

1. **Evidence** ⟨key⟩121(3)—**Sunday** ⟨key⟩11—**Lease made on Sunday admissible as res gestæ.**

A verbal lease, consummated on Sunday was void, under Code 1907, § 3346, but was admissible in an unlawful detainer action when undisputed, to prove the character and quality of defendant's possession of the premises, and the relations between defendant and plaintiff, and the intent of the parties, on the theory that its declarations or admissions formed a part of the res gestæ of the parties' acts.

2. **Landlord and tenant** ⟨key⟩12, 291(13)—**Evidence held to show that the tenancy was monthly, and not yearly.**

In an action in unlawful detainer, evidence, consisting of a lease, void because made on Sunday, *held* to show the relation of landlord and tenant, and that the tenancy was monthly and not yearly.

3. **Landlord and tenant** ⟨key⟩114(2)—**Construing lease as for calendar year not applicable, where there is no valid lease.**

Code 1907, § 4732, providing that, when no time is specified for termination of tenancy, the law construes it to be for the calendar year, is without application, where there was no valid lease, and the evidence, including that of an invalid lease, shows the specific intention for a monthly tenancy.

4. **Landlord and tenant** ⟨key⟩116(5)—**Notice to quit tenancy held sufficient.**

A notice to terminate a monthly tenancy, served July 27th, to become effective at midnight on August 31st, a time coincident with the end of the next monthly period, was sufficient to terminate tenant's possessory right.

5. **Landlord and tenant** ⟨key⟩291(1)—**Notice to surrender possession within 10 days after possessory right terminated is sufficient.**

A written demand to quit tenancy under Code 1907, § 4263, after termination of defendant's possessory right, need not specify the date the tenant is required to give possession; it being entirely sufficient to call for surrender of possession within 10 days after termination of possessory right.

6. **Landlord and tenant** ⟨key⟩116(4)—**Payment of rent to the end of one month held not a defense, where notice was given.**

If defendant had paid the rent for the month of July, this would not have concluded landlord's right to terminate the monthly tenancy on August 31st, as fixed by appropriate notice served.

7. **Trial** ⟨key⟩252(19)—**Refusal of instruction as to payment not supported by evidence not error.**

In landlord's unlawful detainer action against a tenant, defendant's instruction that, if the defendant had paid rent "beyond the time the suit was brought," the verdict must be for defendant, was properly refused, where there was no evidence of any such payment of rent.

Appeal from Circuit Court, Bibb County; B. M. Miller, Judge.

Action in unlawful detainer by the Galloway Coal Company against Harry Eddins, first brought in justice's court. Judgment in circuit court for plaintiff, and defendant appeals. Affirmed.

In this case the lease was verbal, and was made on Sunday, as appears from the opinion. The following charges were refused the defendant:

"(2) I charge you that if you believe the defendant, under all the evidence, paid the rent on the house in question beyond July 21, 1920, your verdict must be for the defendant."

"(3) I charge you that, if you believe from the evidence in this cause that the defendant has paid rent on the house in question beyond the time this suit was brought, then your verdict must be for the defendant."

Frank S. White & Sons, of Birmingham, for appellant.

The court erred in overruling objections to the oral lease and permitting testimony thereof. Sections 3346, 4732, Code 1907; 3 Ala. App. 614, 57 South. 91; 80 South. 150; 130 Ala. 389, 30 South. 553; 37 Cyc. 564. Court should have given charges 2 and 3. 156 Ala. 457, 47 South. 256; 93 Ala. 120, 9 South. 598; 24 Cyc. 1334. For other contentions, see abstract of brief in case of William Johnson v. Blocton-Cahaba Coal Co., post, p. 373, 87 South. 559.

Percy, Benners & Burr, of Birmingham, for appellee.

See abstract of brief in the cases of William Johnson v. Blocton-Cahaba Coal Co., post, p. 373, 87 South. 559, and Thornton Cleveland v. Little Cahaba Coal Co., post. p. 369, 87 South. 567.

McCLELLAN, J. This is an action of unlawful detainer, instituted by the appellee against the appellant, the appellee's employee. From a judgment for the plaintiff in the justice's court, the defendant took an appeal to the circuit court, where the plaintiff again prevailed, and it is to review this judgment the present appeal is prosecuted.

The defendant offered no evidence on the trial in the circuit court. Similar causes to this are disposed of in Vinyard v. Republic Iron & Steel Co., 87 South. 552,[1] and Allen v. Southern Coal Co., 87 South. 562,[2] delivered this day. Questions therein decided are omitted from consideration in this opinion; repetition being unnecessary.

It appears without dispute in the evidence that on and prior to May 8, 1920, defendant

---

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 269.     [2] Post, p. 363.

was in the employ of the plaintiff; that he quit work at that time, and has not since worked for plaintiff or for anyone else; that on February 1, 1920, the authorized agent of the plaintiff (its superintendent) verbally leased to the defendant its house known as No. 154, located at Garnsey, Bibb county, Ala., together with the inclosure in which the building was located; that by the terms of the verbal lease defendant "was to pay rent for the house and premises by the month, and occupy them by the month"; that upon making the lease on the date stated the "defendant took possession" of this house and premises, and "still holds possession of the same"; and that the defendant paid the monthly rental ($5) stipulated in the verbal lease for the months of February, March, April, and May, 1920. It further appears without dispute that the premises in question were rented to the defendant (appellant) "at this price (i. e., $5 per month) in consideration of his being in the employment of the plaintiff," that this house and its curtilage "were owned by the plaintiff," and that this house, with others, was "built and used exclusively for the purpose of being used by" the plaintiff's employees.

[1] The day (February 1, 1920) this verbal lease was consummated was Sunday. The lease, as such, was void under the provisions of Code, § 3346. While, for that reason, invalid as a lease, its terms were admissible and serviceable to prove, when undisputed, the character and quality of defendant's possession of the premises, the relation between the parties with respect to these premises, and the intent of the parties with regard to the duration of the tenure they designed to establish in the defendant; this upon the theory that the terms of the invalid lease were declarations or admissions of the parties which formed a part of the res gestæ of their acts—the statute (Code, § 3346) not precluding the availability as evidence of a pertinent, relevant declaration or admission of parties, even though made on Sunday. Rainey v. Capps, 22 Ala. 288, 292, 293.

[2, 3] The evidence indicated—reciting the terms of the lease that was void as such, because made on Sunday—shows, without adverse inference, that the relation between these parties was that of landlord and tenant; that the tenancy (the only tenancy) intended to be created by the parties was that of a monthly, not a yearly, character and duration; and that the rental was at the rate of $5 per month, the payments for four months succeeding the entry unmistakably manifesting that as the intent common to the parties. Code, § 4732, provides:

"Where no time is specified for the termination of tenancy, the law construes it to be for the calendar year. * * *"

This statute is without application in the circumstances disclosed by this record, for these reasons: (a) It presupposes a valid contract of lease, a condition not present in the cause at bar; (b) if the statute's quoted provisions do not contemplate a valid contract of lease as a condition to its application, then those provisions cannot be accorded an effect to impose a construction upon the acts, declarations, or admissions of the parties immediately contradictory of the intent the pertinent, relevant acts, declarations, or admissions of the parties so unmistakably manifest; and (c) the statute's quoted provisions create a rule of construction and relate alone to the termination of the tenancy otherwise unspecified, fixing that event at the end of the "calendar year"— the current calendar year—and not to the character of the tenant's tenure, simply operating to afford a law-imputed limitation, in the circumstances where applicable, upon the duration of the tenancy. There is nothing in the statute (section 4732) that would justify the according thereto of the effect to denominate a lease by the month a lease for all or the remainder of a calendar year; and, if otherwise interpreted, the statute would be accorded an effect to confer rights, whereas its design is to establish a limitation in appropriate instances where the parties have not specified the time for the termination of the tenancy.

[4] These considerations and conclusions render untenable those grounds of objection —to the admission of the terms of the invalid lease, the notice to terminate the possessory interest or right of the defendant (tenant), and the notice to vacate the premises as a condition to the availability of the remedy here pursued, unlawful detainer— that were predicated on the theory, founded in the defendant's misunderstanding of the statute (section 4732), that the defendant's tenancy was otherwise than a tenancy by the month, not a tenancy for the remainder of the "calendar year," nor a tenancy at will, nor a tenancy at sufferance. The notice to terminate the monthly tenancy was served on July 27, 1920, to become effective at midnight on the last day of the next month, viz. August 31, 1920, at a time coincident with the end of the next monthly period after the notice was served. This notice was sufficient, and operated to terminate the defendant's possessory right at the point of time stipulated in the notice.

[5] The other notice, Exhibit C, conformed to the statutory demand for possession, was served on September 2, 1920, after the termination of the defendant's possessory right by the notice to that end served on July 27, 1920; and was effective to qualify the plaintiff to institute its action of unlawful detainer at the expiration of the 10-day period prescribed in the statutes and alluded to in this notice, which it did on September 14–16, 1920. The written demand the

statute (section 4263) exacts does not contemplate a specification therein of the date the tenant is required to give possession, it being entirely sufficient to call upon the tenant for possession, to surrender possession within 10 days after his possessory right has terminated. As stated, both of the notices given the defendant were sufficient and effective, and the court did not err in admitting them in evidence.

[6] Under the evidence the plaintiff was entitled to the general affirmative charge the court gave at plaintiff's request. The court correctly refused the general affirmative charge requested for the defendant. The report of the appeal will reproduce defendant's special requests for instructions numbered 2 and 3. They were properly refused by the court. Even if the defendant had paid the rent for the month of July, 1920, as requested instruction 2 hypothesized, this would not, of course, have concluded against the plaintiff's right to terminate the monthly tenancy by an appropriate notice (like that given), terminating the relation and the possessory right at the final moment of the next month's rental period, viz, at midnight on August 31, 1920. If the defendant had paid the monthly rental for July, 1920, or even for August, 1920, the plaintiff's act in receiving it or the defendant's act in paying it would not have been inconsistent with the termination of the defendant's possessory right, the monthly tenancy, at midnight on August 31, 1920.

[7] There is in this bill of exceptions no evidence that the defendant paid rent "beyond the time this suit was brought"; hence the court did not err in refusing defendant's requested charge numbered 3.

There is no error in this record. The judgment is affirmed.

Affirmed.

All the Justices concur, except MILLER, J., not sitting.