(92 South. 426)

Ex parte FARROW. (7 Div. 270.)

(Supreme Court of Alabama. Feb. 2, 1922.)

Evidence ⬦215(1)—Invalid contract is admissible as an admission in quantum meruit action.

Terms of a contract, void under the statute of frauds, may be shown where relevant as admissions between the parties; and in a quantum meruit action an instruction that the jury should disregard such terms in fixing the value of services was properly refused, since the action was not grounded on the contract.

Certiorari to Court of Appeals.

Petition by John T. Farrow for certiorari to the Court of Appeals to review and revise the judgment of said court affirming the appeal of John T. Farrow v. Thomas S. Burns, 18 Ala. App. 350, 92 South. 236. Writ denied.

The action is to recover on a quantum meruit for services which were contracted for under the contract rendered void by the statute of frauds. The trial court refused to instruct the jury as follows:

"You would not be authorized to consider any terms of the agreement of the parties in reaching your conclusion as to the reasonable value of the services of the plaintiff."

This is the only question presented for review.

Hugh Reed, of Center, for appellant.

The statute is infringed upon equally, whether the contract be used for the purpose

of influencing the amount of the recovery or be made the foundation of the action. 32 N. J. Eq. 828; 3 App. Div. 221, 38 N. Y. Supp. 463; 61 Wis. 508, 21 N. W. 514; 68 Ill. 421; 58 Ill. App. 526.

Hugh H. White, of Montgomery, for appellee.

The court did not err in refusing the charge requested. 177 Ala. 475, 59 South. 213; 175 Ala. 211, 57 South. 477; 2 Ala. App. 588, 56 South. 817; 121 Ky. 611, 85 S. W. 209, 750, 123 Am. St. Rep. 215; 36 Minn. 473, 31 N. W. 938 88 Wash. 20, 152 Pac. 681.

SOMERVILLE, J. Where the terms of an invalid contract embrace recitals in the nature of admissions of fact, such recitals may be offered in evidence as admissions, in any action between the parties not grounded on the contract (as here, in an action for the value of services performed and accepted), in so far as they are relevant to the issues of the case.

This is in no sense an enforcement of the obligations of the contract, and the rule of admissibility must be regarded as well settled in this state. Smith v. Pritchett, 98 Ala. 649, 652, 13 South. 569; Eddins v. Galloway Coal Co., 205 Ala. 361, 87 South. 557; Rainey v. Capps, 22 Ala. 288, 292.

We find no error in the ruling of the Court of Appeals, and the writ of certiorari will be denied.

Writ denied.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.