13 So.2d 97
### GARRETT v. REID.
### 8 Div. 211.

Supreme Court of Alabama.
April 15, 1943.

Scruggs & Creel, of Guntersville, for appellee.

THOMAS, Justice.

This action is in the nature of unlawful detainer. The case originated in the justice court where the judgment for appellee-complainant was appealed to the circuit court. From an adverse judgment in such court the appeal is made to this court.

There is conflict in the testimony of Owen, the appellee and his wife, Charley Garrett and his wife, and Andrew Worthy, as to the appellant's renting or declining to rent the premises in question for the year 1941. A question was presented for the jury as to how defendant held over after the expiration of the term of the rental agreement or lease for the year 1940.

The suit was filed under Code 1940, T. 31, § 35 and may be considered in connection with Code 1940, T. 7, § 967 et seq., and part of §§ 5 and 6, T. 31, Code 1940. Does the one affect the other?

J. W. Brown, of Albertville, for appellant.

In Zion Star Baptist Church v. Hart, 228 Ala. 24, 152 So. 44, the cases are cited under the earlier statutes, to the effect that written demand for premises is a condition precedent in actions of unlawful detainer and that proof of demand should be by the best evidence; that the notice and demand must show the possessory right and the demand after termination of the possessory interest. Speer et al. v. Smoot, 156 Ala. 456, 457, 47 So. 256;

256

Ross v. Gray Eagle Coal Co., 155 Ala. 250, 46 So. 564; Myles v. Strange, 1933, 226 Ala. 49, 145 So. 313, under statute as that contained in Code 1940, T. 31, § 5. If the defendant is wrongfully in possession, notice was held not to be required. Johnson v. Miller, 161 Ala. 632, 49 So. 858.

The provisions of Code 1940, T. 31, § 35 et seq. (Acts 1932, Ex. Sess., p. 164) were upheld in Frahn v. Greyling Realization Corp., 239 Ala. 580, 195 So. 758. Its purpose was to afford a more speedy remedy to a landlord to recover possession of his land after expiration of the terms of the lease or right of possession of the tenant, when the possession is wrongfully withheld by the tenant. Williams v. Prather, 236 Ala. 652, 184 So. 473.

Are the two notices dealt with in Myles v. Strange, 226 Ala. 49, 145 So. 313, necessary in an action under Code 1940, T. 31, § 35? That is (1) the notice of termination of defendant's possessory interest, and (2) the demand required by § 8001, Code 1923; Code 1940, T. 7, § 967? There was no evidence in this record of compliance with the last-cited statute.

The ruling in the circuit court was the granting of plaintiff's motion to strike defendant's motion to strike the plaintiff's affidavit and to quash the writ of process and dismiss this cause for the lack of notice. This shows that the statute (Code 1940, T. 31, § 35) was relied upon, and not the Code 1940, T. 7, § 967. Thus the trial was had. The judgment was:

"Defendant moves the Court to strike affidavit from the file. Same having been considered it is ordered by the Court that motion be and the same is hereby overruled.

"Plaintiff moves the Court to dismiss appeal. Said motion having been duly considered it is ordered by the Court that motion be and the same is hereby overruled." [Meaning, we interpolate, the appeal from the judgment to the circuit court.]

The evidence here shows a tenancy that ran by the year and the question of fact was its termination vel non before the ensuing year of 1941; that is, had the possessory interest in the property of the tenant terminated when the demand for possession by the landlord was made?

The evidence shows that after his lease expired, according to appellee's testimony, appellant remained on the premises until May, 1940. It is insisted that if appellant was a tenant by the year and held over after the expiration of his lease as such tenant, then he was a tenant from year to year and his term not being specifically designated would run from December of the year in question to the ensuing December. Code 1940, T. 31, § 3.

It may not be out of place to say of the earlier statutes that in the coal company cases it was held that a written demand to quit tenancy did not specify the date, but the tenant is required to give possession, it being sufficient to call for surrender within ten days after termination of tenant's possessory right. Eddins v. Galloway. Coal Co., 205 Ala. 361, 87 So. 557.

No notice is required where the lease may be ended for breach of its conditions. Johnson v. Blocton-Cahaba Coal Co., 205 Ala. 373, 87 So. 559, 571. In the last-cited cases and the other coal cases cited in the Blocton-Cahaba case the tenancy was by the month and at will pursuant to the several lease contracts.

In the Frahn case, supra, the two written notices required by the former statute were given. It is observed [239 Ala. 580, 195 So. 761]:

"It is established by the decisions in this and in Federal jurisdictions that due process of law means notice, a hearing according to that notice, and a judgment entered in accordance with such notice and hearing. That is, the requirements of the Fourteenth Amendment of the Federal Constitution are that the defendant be given the character of notice and opportunity to be heard which is essential to due process in the instant procedure. That the court which assumes to determine the rights of the parties shall have jurisdiction thereof and of which proceeding the notice and opportunity for a due hearing be given to the immediately interested parties.

"'* * * Judgment without such citation and opportunity (to be heard) wants all the attributes of a judicial determination; it is judicial usurpation and oppression, and can never be upheld where justice is fairly administered. (Galpin v. Page, 18 Wall. 350, 21 U.S. (L.Ed.) 959; Hovey v. Elliott, 167 U.S. 409, 17 S.Ct. 841, 42 U.S. (L.Ed.) 215; Ferry v. Campbell, 110 Iowa 290, 81 N.W. 604, 51 L.R. A. 92.)' (Parenthesis supplied.)

"When the several sections of the act are considered in pari materia, we are of

opinion and hold that no provision of the state or Federal Constitutions has been abridged or denied."

The record fails to show the demand required by that statute (Code 1940, T. 31, § 35) or that a proper predicate for the introduction of oral testimony of that demand was made (alleged to have been made). Neither was proper predicate made for the production of the written demand alleged to have been given the defendant by service of the same by Williamson.

The case of Minor v. Hicks, 235 Ala. 686, 180 So. 689, was not considered or decided under Code 1940, T. 31, § 35. Therefore, the period of time after expiration of tenancy in that case was subject to the notice required by Section 8001 of the Code of 1923 [Code 1940, T. 7, § 967] and in said case it is indicated that Myles et al. v. Strange, supra, was commenced before the enactment of the General Acts of 1932, Ex. Sess., p. 14. In the Minor case the contention of appellant was that he was entitled to notice terminating his tenancy and in the absence of such notice the court found he was not liable in an action of unlawful detainer under Code 1923, § 8001 [Code 1940, T. 7, § 967], and that "no necessity existed for notice to terminate" the tenancy.

The case of Hudson v. Birmingham Water Works Co., 238 Ala. 38, 189 So. 72, was decided under the Code of 1940, T. 7, § 967, and the provisions of the statute for written notice requiring that a copy of such demand in writing be left "at the usual place of abode of the party holding over," and held that such notices as were required to be given may not be left at the usual place of business.

█ In his special concurrence, Mr. Justice BROWN makes plain the construction of the statute in question, which I hereby adopt.

Reversed and remanded.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.

BROWN, Justice (concurring specially).

This is a proceeding under Chapter 3, Title 31, Code 1940, which deals with possession of land wrongfully withheld. Sections 35 and 36 of the chapter provide, to state the general effect, that where a tenant shall hold possession of land or tenancy over and beyond the term for which the same was leased to him, and after his right of possession has been terminated, or been forfeited, and the landlord makes an affidavit to that effect, before a justice of the peace or a court of like jurisdiction, and that he has demanded possession of such tenant and that said tenant has refused to surrender possession, may have a writ of possession issued by such justice of the peace or court of like jurisdiction, directed to any lawful officer, sheriff or constable, commanding such officer to deliver to the owner or his representative full and quiet possession of the land.

The execution of this process as provided in Section 37 may be arrested, and prevent his removal if the tenant declare, on oath, that his lease or term of rent has not expired and that he is not holding possession of the premises over and beyond his term, or that his right of possession of the premises has not terminated or been forfeited.

Section 38 provides for service of the writ by leaving a copy of the writ of process and the notice to the defendant at his usual place of abode.

Section 39 provides for a return of the proceedings to the justice of the peace or court issuing the same, and that the fact or facts in issue shall be tried by such justice or court on the third day after delivery to said sheriff or constable of the counter affidavit, Sundays and legal holidays excepted. The sections following provide for judgment and appeal.

█ This proceeding is purely statutory and sui generis [McAdams v. Beard and Henderson, 34 Ala. 478, 481] and partakes of the nature of unlawful detainer.

█ On the trial of the case the burden is upon the plaintiff to show that the tenant is holding over and beyond his term for which the same was rented or after his right of possession has terminated or forfeited, and if plaintiff fails to reasonably satisfy the court or jury of these facts, the plaintiff is not entitled to recover. The evidence in this case shows without dispute that such tenancy existed for the year 1940, and that the defendant occupied the premises and during the first part of the term paid $5 per month, and after some repairs were made on the house, the rent was increased to $6 per month. The evidence is further without dispute that the defendant continued to occupy the premises without interruption

and the plaintiff collected the rent for the year 1941 up to and including the month of March.

The plaintiff's testimony goes to show that he demanded possession or notified the tenant that he wanted the premises vacated, while the evidence offered by the defendant tends to show that the defendant rerented the premises for the year 1941 at the same rent of $6 per month.

 The evidence going to show the lease or renting was ore tenus and the question of its existence and terms was for the jury. If there was such renting for the year or any part of the year 1941, and it was from month to month and less than one year, the only way that the plaintiff could terminate the tenancy would be by written notice as provided by Section 5, Title 31, Code 1940.

If the landlord desired to terminate the tenancy because of a breach of the terms of the lease or a forfeiture of the right of possession, notice as required by Section 6, Title 31, Code 1940, should have been given.

Section 7, Title 31, Code 1940, provides how such notice may be served, written or printed, and Section 8 provides for evidence of such service.

 The plaintiff in the instant case, over timely objection of the defendant, was allowed to prove notice by parol testimony, without disclosing the nature or contents of such notice, and without predicate therefor by notice to defendant to produce the writing. In this the court committed reversible error.

Reversed and remanded.

GARDNER, C. J., and THOMAS and LIVINGSTON, JJ., concur.