18 So.2d 368

**MOSS v. HALL.**

6 Div. 182.

Supreme Court of Alabama.

May 11, 1944.

Rehearing Denied June 22, 1944.

J. R. Bealle, of Tuscaloosa, for appellant.

D. D. Patton, of Carrollton, for appellee.

GARDNER, Chief Justice.

This was an action of unlawful detainer for the recovery of possession of a house and lot in Gordo, Alabama, occupied by J. J. Moss as the tenant of J. T. Geer, under whom he had held possession for four or five years. The suit originated in the justice of the peace court, and was carried to the circuit court by defendant on appeal and there tried before the judge without a jury, resulting in a judgment for the plaintiff, from which this appeal is prosecuted.

Geer sold the house and lot to the plaintiff, W. W. Hall, who sues for the possession of the premises by virtue of Section 10, Title 31, Code of 1940, which extends to him, as grantee, whatever remedy was possessed by his grantor Geer. The original rental agreement was for one year, but Geer states that subsequent thereto there was no further conversation with regard to the rental period, and that the tenant Moss paid the rent by the month. In the fall of 1942, Moss, the tenant, was several months in arrears in the payment of his rent, which he agreed to pay by the first of January, 1943. On January 2, 1943, a notice was

served upon the defendant signed by both Geer and Hall (Hall having purchased in November previously) demanding possession.

 The rent in arrears was not paid on January 1st, but Moss claims that it was paid on January 2nd before he received any such notice. Upon this question there is dispute in the testimony. But as we view the case, this is a matter of no great importance. Perhaps the language of the notice would indicate that the landlord considered a notice for termination of the lease for failure to pay the rent was all that was required, as no other notice was given. But such a theory is not justified under our statute, as construed by the decisions. Our holdings are to the effect that the provisions of Section 6, Title 31, Code of 1940, have reference to a notice for the termination of the tenancy; and where such notice is necessary to terminate the tenancy, still another ten-days' notice must be given as condition precedent to institution of the unlawful detainer suit under Section 967, Title 7, Code of 1940. This question is discussed in Myles v. Strange, 226 Ala. 49, 145 So. 313, cited approvingly in the more recent case of Garrett v. Reid, 244 Ala. 254, 13 So.2d 97. And the latter case was approvingly cited upon this point in Hackney v. Griffin, 244 Ala. 360, 13 So.2d 772.

But as we interpret the record, the case is one for application of Section 9, Title 31, Code of 1940, cited by counsel for plaintiff, and upon which reliance is had. Where, under this section, the rental term has expired, the tenant is bound to surrender possession without notice to quit or demand for possession. Minor v. Hicks, 235 Ala. 686, 180 So. 689.

We interpret the testimony of the landlord Geer to the effect that in the fall of 1942, Moss, the tenant, was behind with his rent, and in consideration of granting him further time for the payment; i. e., until January 1, 1943, he (Moss) agreed to vacate the house. We are of the opinion that such mutual agreement sufficed to terminate the lease. 32 Am.Jur. 790. As observed by this Court in Hackney v. Griffin, supra [224 Ala. 360, 13 So.2d 774]: "It was within the competency of the parties, they being sui juris, by mutual consent, to change the terms of the lease."

So interpreting the record, the trial judge was fully justified in finding that on January 1, 1943, the term of the lease had expired. Upon this question the case of Johnson v. Miller, 161 Ala. 632, 49 So. 858, is much in point. Perhaps the testimony of the defendant Moss may be construed as tending to conflict with that of Geer upon this material point, though we find that Geer's testimony in regard to the agreement to terminate the lease January 1st is nowhere categorically denied by Moss. However this may be, the cause was tried before the court on oral proof which fully justified the conclusion on the facts as above indicated, and we find no justification for a disturbance of that finding.

And under this view, the notice served upon Moss sufficed to meet the requirements of Section 967, Title 7, supra, for the institution of the unlawful detainer suit, and was the only notice required.

It results that the judgment is correct and due to be affirmed. It is so ordered.

Affirmed.

THOMAS, LIVINGSTON, and STAKELY, JJ., concur.