24 So.2d 446

TOMPKINS et al. v. STEAGALL.

3 Div. 455.

Supreme Court of Alabama.
Jan. 17, 1946.

Walter J. Knabe, of Montgomery, for appellants.

W. I. Steagall, pro se.

BROWN, Justice.

This is an action of unlawful detainer by appellants against the appellee and was instituted in the common pleas court of Montgomery, the trial in that court resulting in a judgment for the defendant, from which the plaintiffs appealed to the circuit court where the trial, likewise, resulted in favor of the defendant. The complaint on which the case was tried avers: "The plaintiffs sue to recover possession of premises known as 109 Clanton Avenue, Montgomery, Alabama, and 109-A Clanton Avenue, Montgomery, Alabama, *of which plaintiffs were in possession,* and upon which *pending such possession* and before the commencement of this suit the defendant entered and now unlawfully detains." [Italics supplied.]

No evidence was offered on the trial showing or tending to show that the plaintiffs had ever been in possession of the property sued for, nor that defendant entered into possession of the property by their permission or authority. Plaintiffs' counsel read into the record that plaintiffs *"claim title to the two houses, known as 109 Clanton Avenue, Montgomery, Alabama, and 109-A Clanton Avenue, Montgomery, Alabama; that they claim said property by virtue of the will of John P. Sanders,* and a copy of the will of said Sanders is introduced in evidence."

Under the express provisions of the statute, Code 1940, Tit. 7, § 975, where right of parties rests upon claim of title to the property, pure and simple, the action of unlawful detainer will not lie. In such cases the action of ejectment or an action in the nature thereof is the appropriate remedy. Patterson v. Folmar, 125 Ala. 130, 28 So. 450, 451; Brown v. Beatty, 76 Ala. 250; Dent v. Stovall, 200 Ala. 193, 75 So. 941; Jefferson County v. Parker, 211 Ala. 289, 100 So. 338.

Under the evidence in the case, the court, sitting without a jury, rendered judgment for the defendant, and correctly so. The judgment is affirmed.

Affirmed.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.