40 So.2d 631

### KING v. TAYLOR.

7 Div. 986.

Supreme Court of Alabama.

May 13, 1949.

Robt. H. King, of Gadsden, for appellee.

Geo. D. Motley, Sr., of Gadsden, for appellant.

BROWN, Justice.

The appeal in this case is from a judgment of the Circuit Court of Etowah County in favor of the appellee Vera Taylor against Robert King—in an action of unlawful detainer.

The plaintiff claims as the owner under a conditional sale contract made by herself and husband with James C. Inzer, Jr. and the defendant King claims as a tenant of Kyle Realty Company from whom, he testified, he rented the premises and was in possession at the time of the institution of the unlawful detainer suit. There is an absence of evidence showing or tending to show that either Inzer or the plaintiff ever had prior actual possession of the premises.

At the conclusion of the evidence the defendant requested the affirmative charge in writing in proper form, which the court refused, and he now insists that in the refusal of this charge, the court committed reversible error.

The appellee rests her right to recover the premises and to sustain the judgment in her favor on the provisions of § 10, Title 31, Code of 1940 which provides:

212

"10. Remedies extended to lessor's grantee, etc.—The grantees of any demised lands, tenements, rents, or other hereditaments, or of the reversion thereof, the assignees of the lessor of any demise, and the heirs and personal representatives of the lessor, grantee or assignee, shall have the same remedies by entry, action or otherwise, for the nonperformance of any agreement in the lease, or for the recovery of any rent, or for the doing of any waste or other cause of forfeiture, as their grantor or lessor might have had if such reversion had remained in such lessor or grantor."

■ Whatever other force or meaning may be given to this section of the code, we think it clear that it was not the legislative intent to convert the action of unlawful detainer into an action of ejectment, and to confer jurisdiction on justices of the peace to try title to lands. To construe said section as having such effect would render it violative of § 168 of the Constitution. A most liberal interpretation of this section of the code would be to extend its provisions to vendees of landlords, who had had prior actual possession of the premises, and allow such vendees to sue in their name rather than in the name of the landlord for their use. But it certainly does not do away with the necessity of the plaintiff showing prior actual possession in himself or in his landlord to whose rights he has succeeded.— Williams v. Prather, 236 Ala. 652, 184 So. 473. This seems to have been the thought in the mind of the Chief Justice when he wrote the opinion in Moss v. Hall, 245 Ala. 612, 18 So.2d 368, where he said, though this was not a point decided in that case:

"Geer sold the house and lot to the plaintiff, W. W. Hall, who sues for the possession of the premises by virtue of Section 10, Title 31, Code of 1940, which extends to him, as grantee, whatever remedy was possessed by his grantor Geer. * * *."

■ In the absence of proof showing prior actual possession by plaintiff or her grantor (which is essential to sustain the action of unlawful detainer), the defendant was entitled to the affirmative charge and the court erred in refusing the same.— Walker v. Adler, 216 Ala. 76, 77, 112 So. 458; Hill v. Harris, 179 Ala. 614, 60 So. 917; Cooper v. Gambill, 146 Ala. 184, 40 So. 827; Tompkins v. Steagall, 247 Ala. 350, 24 So.2d 446.

For the error noted, the judgment of the circuit court is reversed and the cause is remanded.

Reversed and remanded.

FOSTER, LAWSON and STAKELY, JJ., concur.