I agree that the judgment against Callis is due to be affirmed for the reasons stated in the majority opinion. I also agree that the judgment for Spurlock is due to be affirmed, but I would like to add the following comments.
In Lott v. Douglas Oil Purchasing Co., 501 So.2d 1195 (Ala. 1986), this Court affirmed a judgment that a holdover by a lessee had effectively extended a lease for a 10-year renewal term, even though the lease expressly required written notice of renewal by certified mail six months before the expiration of the primary term. Citing cases and other authorities, this Court held that the lessor's conduct constituted a waiver of the requirement of written notice of renewal.
In this case, the original lease recited that it would "become effective only upon execution and delivery thereof." In addition to this specific recitation, the general rule is that a lease is not valid unless it is executed and delivered.
 "In accordance with the rules as to conveyances generally, delivery is necessary to give validity to a written lease. Therefore, it is competent for the parties to agree on the method of its execution and delivery, and if any material stipulation relating thereto remains unperformed by them, the instrument will not take effect as their lease."
49 Am.Jur.2d, Landlord and Tenant § 35 (1970) (citations omitted).
Where a tenant goes into possession under such an invalid lease, the law will ordinarily imply the relation of landlord and tenant. Id., § 47. The implied term will be a tenancy from month to month or a tenancy from year to year, as the circumstances indicate.
 "Where an invalid lease reserves a rent payable in monthly installments, and the tenant pays and the landlord accepts one or more monthly installments, there is authority for the position that the tenancy becomes one from month to month. Moreover, it has been held in a number of cases that where a tenant enters under a lease for a term of years which is unenforceable under the statute of frauds, and pays the 'monthly' rent as agreed or as provided in the lease, he becomes a tenant from month to month. . . . In other cases, where a lease for a definite term is invalid for reasons other than violation of the statute of frauds, it has also been held that where the lease provides for or reserves a 'monthly' rental, the tenant's entry thereunder creates a tenancy from month to month."
Id., § 50. See Eddins v. Galloway Coal Co., 205 Ala. 361,87 So. 557 (1921), which held that the parties had entered into a tenancy from month to month even though their purported oral lease was invalid because it had been entered into on a Sunday.
Thus, in this case, the purported lease between Colonial Properties and Spurlock never took effect because of the failure of delivery; instead, they entered into a tenancy from month to month, and I see no error in the trial court's holding that Spurlock was entitled to a summary judgment on Colonial Properties' counterclaim against him. In contrast, the parties in Lott v. Douglas Oil, supra, had entered into a valid lease, and this Court affirmed the trial court's holding that the lessor had waived a requirement for written notice of *Page 663 
renewal for a renewal term specified in the lease.
STEAGALL, J., concurs.