PITTMAN, Judge.
 

 Howard Ross (“the plaintiff’) appeals from a judgment of the Madison Circuit Court that dismissed his appeal from an adverse judgment of the Madison District Court in his unlawful-detainer action against Cherika Lewis and Jeffery Tibbs (“the defendants”). We reverse and remand.
 

 The record reflects that in August 2008 the plaintiff, acting pro se, filed in the district court a form complaint in which he alleged that he had the right of possession of a particular parcel of real property as to which the defendants no longer had a right of possession; the plaintiff averred that, because of an alleged “failure to pay rent,” he had lawfully terminated the defendants’ right of possession by written notice. The defendants, also acting pro se, filed a “motion and/or answer” stating that the plaintiff was not their landlord and did not own the pertinent parcel of property, that their lease was with an entity called “RPM Realty,” and that the plaintiff had no right to seek the defendants’ eviction. The district court, after an ore tenus proceeding, denied the plaintiffs claim, whereupon he timely exercised his right to appeal from that judgment to the circuit court for a trial de novo.
 
 See
 
 Ala.Code 1975, §§ 12-12-70 and 12-12-71.
 

 The plaintiff moved for a summary judgment, supported by a narrative summary of purportedly undisputed facts and an affidavit in which the plaintiff testified that
 
 *1108
 
 he had leased the property in question to the defendants on July 8, 2008; that the defendants had “failed to make ... payments to [the plaintiff] and are in default of the lease”; that he had “placed a notice of rent delinquency” on a dwelling on the parcel that had “included a curing clause and demand for possession”; and that the plaintiff had received no payments from the defendants following the posting of the notice. Copies of the lease and the notice to which the affidavit had referred were attached as exhibits. On January 6, 2009, the circuit court set that motion for a hearing to be held on February 26, 2009. On January 8, 2009, the defendants filed an unsworn handwritten statement noting that the district court had previously denied relief, averring that the property in question “belongs to RPM Realty,” alleging that they were “renting through RPM the real owners not Howard Ross [ (sic) ],” and stating that the district judge had told the plaintiff that “he would have to sue RPM Realty to get his money.” No other response to the plaintiffs motion was filed.
 

 On February 26, 2009, the hearing date on the plaintiffs summary-judgment motion, the circuit court entered the following judgment: “All parties being present, with [the plaintiff] being represented by [counsel] and [the defendants] pro se, [the plaintiffs] motion for summary judgment is denied
 
 and said case is therefore dismissed”
 
 (emphasis added). The plaintiff timely appealed from that judgment to this court.
 

 The nature of the circuit court’s judgment “dismissing” the plaintiffs de novo appeal is a perplexing question. It was entered after a hearing that was scheduled to determine whether the plaintiffs summary-judgment motion should be granted; at that time, the sole filing on the part of the defendants was their unsworn statement in which they reiterated their contention that RPM Realty, not the plaintiff, was the true owner of the property. The circuit court appears to have treated the defendants’ pro se filing as a motion seeking the dismissal of the plaintiffs claim, thereby rendering it cognizable as a motion to dismiss under Rule 12(b)(6), Ala. R. Civ. P., for failure to state a claim. However, the plaintiffs summary-judgment motion and its evidentiary support was already on file at the time the defendants’ filing took place, and those materials were not expressly excluded from consideration by the circuit court; in fact, the circuit court based its judgment of dismissal (using the word “therefore”) upon its denial of the summary-judgment motion. Thus, we believe that the judgment under review, in light of Rule 12(b), which states that “[i]f, on a motion asserting the ... failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment,” is best construed as a summary judgment despite its nomenclature.
 
 See Wesson v. McCleave, Roberts, Shields, & Green, P.C.,
 
 810 So.2d 652, 655-56 (Ala.2001).
 

 The plaintiff contends on appeal that the circuit court erred in allowing the defendants to “deny the plaintiffs title” to the property in question. Although the record does not reflect precisely what occurred during the hearing on the summary-judgment motion, the sole defensive theories relied upon by the defendants in their January 8, 2009, filing responding to the plaintiffs summary-judgment motion, as we have noted, were (1) that the district court had already ruled in their favor and (2) that RPM Realty was the real owner of the property with standing to seek relief. Of those theories, the first is insufficient because, as a matter of Alabama law, the district court’s judgment, upon a properly taken appeal to a circuit court for a trial de novo, constitutes neither evidence nor a basis for application of the doctrine of
 
 *1109
 
 collateral estoppel.
 
 See Petersen v. Woodland Homes of Huntsville, Inc.,
 
 959 So.2d 135, 189 (Ala.Civ.App.2006);
 
 Cloverleaf Land Co. v. State,
 
 276 Ala. 443, 445-46, 163 So.2d 602, 605 (1964). The second theory — the defendants’ contention that the plaintiff did not own the property at issue — fails for two reasons. First, under Alabama law, tenant-defendants may not validly assert that third parties, rather than their landlords, hold title to leased properties. Ala.Code 1975, §§ 35-9-1 and 6-6-336. Second, even if the issue of title might properly be asserted as a defense in certain circumstances, the record in this case does not reflect that the defendants adduced any evidence tending to show that the plaintiff was not, in fact, the owner of the property at issue.
 

 Based upon the foregoing facts and authorities, we conclude that the trial court erroneously concluded that the defendants were entitled to a judgment as a matter of law on the unlawful-detainer claim brought by the plaintiff. We reverse the circuit court’s judgment dismissing the plaintiffs appeal from the district court’s judgment, and remand the action for further proceedings. We decline the plaintiffs request to direct the circuit court to enter a judgment granting him possession of the property at issue in the manner sought in his summary-judgment motion because the plaintiff has not, as yet, made a prima facie showing of his or his grantor’s “prior actual possession” of the property, which is an element “essential to” a claim of unlawful detainer.
 
 See King v. Taylor,
 
 252 Ala. 210, 212, 40 So.2d 631, 632 (1949).
 

 REVERSED AND REMANDED.
 

 THOMPSON, P.J., and BRYAN, THOMAS, and MOORE, JJ., concur.